## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHNNIE M. DuBOSE,          :
                            :
    Plaintiff,              :
                            :
                            :                                    **0 7 - 4 5**
    v.                      :    CIVIL ACTION NO._____
                            :
MICHAEL WALSH, IN HIS OFFICAL    :
CAPACITY AS NEW CASTLE COUNTY    :
AMERICAN BUSINESS CREDIT (ABC)   :
SHERIFF ROBERT K. BESTE, JR. ESQ.    :
MAGGIE CLAUSELL ESQ.,            :    Demand for Jury Trial
                            :
    Defendants.             :

### COMPLAINT

    COME NOW plaintiff, Prose and for the causes of action against the defendants,

complain and allege as follow:

### I. Nature of Action

    1.    This civil action for money damages is brought under 42 U.S.C. sections 1983,

1985, 1986 and 1988; the Fourth Amendment, Fifth And Fourteenth Amendments to the United

States Constitution, and the common, statutory and constitutional laws of the State of Delaware

    2.    This action is brought to redress injuries damages, and other losses Plaintiff

suffered as a result of the violation of Johnnie DuBose right to be secure in his person, house,

papers and effects against unreasonable seizure of his property without due process under the

law.

## II.  Jurisdiction and Venue

3.    This court has jurisdiction over this action because it is brought pursuant to 42 U.S.C. Sections 1983, 1985, 1986 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. Section 1331, and the aforementioned statutory provisions.

4.    Plaintiff invokes the pendent jurisdiction of this Court to hear claims arising under state law.  Written notice of Plaintiff's claims was timely served upon the Sheriff of New Castle Count, as required by applicable state law and other defendants.

5.    This court is the proper federal venue for this action because Plaintiffs' claims arose within the geographical boundaries of the District of Delaware within the meaning 28 U.S.C. Section 1391.

## III.  Parties

6.    The Plaintiff, Johnnie DuBose, is an adult male.  He is a resident of Wilmington Delaware.

7.    The Defendant, New Castle County, Sheriff, is an agency of the State of Delaware a subdivision of the State.

8.    The Defendant, American Business Credit, Inc. ("ABC") is a Pennsylvania Corporation, whose registered agent is Wilmington Trust SP Services (Delaware) Inc. doing business at 103 Springer Building, 3411 Silverside Road, Wilmington, DE 19810.

9.    The Defendant, Robert Beste Jr. purported attorney for ABC, is located in Nemours Building 1007 Orange Street, Suite 205 Wilmington, Delaware 19801.

10.    The Defendant, Michael Walsh New Castle County Sheriff, at all times material hereto, was the Sheriff.  He is being sued only in his official capacity.  At all times relevant to

this complaint, he was duly elected, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the New Castle County Sheriffs Office.

## IV.    Allegations of Facts as to All Causes of Action

11.    On or about October 11, 2005 Plaintiff Johnnie DuBose purchased and is the record owner of real estate at 725 and 727 Bennett Street Wilmington, Delaware 1981. Tax Parcel NO. 2604410169 at Sheriffs sale.

12.    All parties with an interest in the real estate were duly, noticed, which included ABC.

13.    The sale was uncontested, which included the distribution of the proceeds from the sale.

14.    The sale was confirmed by the Superior Court of New Castle County.

15.    On November 30 2005, Plaintiff was issued a deed to the above-captioned real estate.

16.    On November 30, 2005, Plaintiff recorded the deed with the New Castle County Recorded of Deeds as instrument #20051130-0122437.

17.    ABC had no judgment against Plaintiff.

18.    On or about April 20, 2006, ABC through its purported attorney Robert Beste, served notice to Plaintiff Johnnie DuBose of a sheriff's sale on May 9, 2006 of the real estate described above as 727 Bennett Street, Wilmington, Delaware 19801. Tax-Parcel No. 2604410169, pursuant to Judgment No. J-21-103 (Lev. Fac 85) against Clive Bey, a/k/a Neville D. Hemley.

19.    To the best of the Plaintiff's information, knowledge and belief, Judgment No. J-21-103 (Lev. Fac 85) is against Clive Bey, a/k/a Neville D. Hemley.

20. The Sheriff's Sale of the above-described real estate was held on or about November 14, 2006.

21. On or about July 21, 2006 Plaintiff retained the Law Office of Maggie Clausell, LLC to represent his interest in this matter. Ms. Clausell "Ghost wrote" a Motion to Stay Sheriff's Sale for Plaintiff which he filed on November 7, 2006.

22. Plaintiff was told that the Motion to Stay would be heard at 9:00 a.m. on November 13, 2006. Plaintiff appeared on November 13, 2006 at 9:00 a.m., but the motion was not on the Court's calendar.

23. Plaintiff through his attorney re-noticed the motion for Friday, November 17, 2006 at 9:00 a.m. even though the sale was November 14, 2006.

24. Plaintiff appeared on November 17, 2006 and the Court announced that the matter was moot as the sale had occurred; motion was not heard. The Court told Plaintiff that even if the matter was not mooted by the Sheriff Sale, there was nothing in the motion that would have persuaded the Court to grant the motion.

25. Plaintiff appeared in Court prepared to provide live witness testimony that the deed Mr. Bey used to mortgage the house was a forgery. Plaintiff maintains that he never deeded his property to Mr. Bey and the first time he saw the deed was November 13, 2006.

26. Plaintiff was prepared to introduce documents in evidence to demonstrate that the entire conveyance was fraudulent, and the Sheriff Sale unlawful.

27. All the mortgage and loan documents were prepared by ABC, who is currently in bankruptcy.

28.    Plaintiff has not been able to establish that Robert Beste, Jr., the purported attorney for ABC who terminated him as counsel on or about January 3, 2006, had standing to initiate the Sheriff Sale November 14, 2006.

29.    Plaintiff has not been able to establish that the Trustee for ABC abandoned the property in question or in any way authorized the sale.

30.    Plaintiff did not have an attorney. On or about November 30, 2006, Maggie Clausell the attorney retained by Plaintiff to represent him at a Motion to Vacate Sheriff Sale of November 14, 2006, scheduled to be heard in Superior Court on December 29, 2006. Maggie Clausell called the Court on December 28, 2006 and withdrew Plaintiff's motion without consulting or notifying Plaintiff.

31.    In the words of Robert Beste, Jr., purported attorney for ABC, in response to Plaintiff's motion to vacate, "Nothing is left to do by the Court but to confirm the November 14, 2006 Sheriff Sale."

## V.    First Cause of Action
## Violation of 42 U.S.C. Sections 1983, 1985, 1986
## Fourth, Fifth and Fourteenth Amendments

32.    All foregoing paragraphs are incorporated herein by reference as though fully set forth.

33.    That on information and belief the New Castle County Sheriff Michael Walsh, upon confirmation by the Court of Plaintiff purchase at Sheriff Sale delivered to Plaintiff a defective title Dure v. Sharpe, 12 Del. Ch. I. 114 A. 207 (1910).

34.    That the Defendant(s) ABC had waived its right to object to the confirmation of the Sheriff's Sale Re Adair 29, Del 245, 99 A. 45 (1916) Cochran v. Deakyne 16 Del. 367, 43 A. 170 (1897) 10 section 4976, 4977.

35. · Plaintiff alleges that judgment was entered upon the wrong person in violation of 10 sec. 5095.

## VI.    Second Cause of Action

36. That each and every allegation set forth in paragraph 1-34 herein about is incorporated herein as if fully set forth herein verbatim.

37. That, on information and belief, Defendants has received income from the property. That, on information and belief, Defendants has converted monies that belong to Plaintiff.

38. That, on information and belief, Plaintiff is entitled to an accounting to determine the amount converted by Defendants.

## VII.    Third Cause of Action

39. That each and every allegation set forth in Paragraph 1-37 herein above is incorporated herein as if fully set forth herein verbatim.

40. That Defendants New Castle County Sheriff's retention of $49,000 which was bid at Sheriff's and $10,000 payment of back taxes etc. constitute a conversion of money belonging to the Plaintiff, which conversion was willfully and intentionally done with knowledge that monies belonged to Plaintiff, which had and has an immediate right to possession of such monies.

41. That Defendant ABC retention of $156,000 mortgage which was forged and fraudulent convey to Clive Bey constitute a conversion of money belonging to the Plaintiff, which conversion was willfully and intentionally done with knowledge that monies belonged to Plaintiff, which had and has an immediate right to possession of such monies.

42.    That Defendant, Maggie Clausell, retention of $2,000 paid to represent his interest, constitute a conversion of money belong to the Plaintiff, which conversion was willfully and intentionally done with knowledge that monies belonged to Plaintiff, which had and has an immediate right to possession of such monies.

43.    That all of the relevant foregoing acts of Defendants complained of in Paragraph 1-41 herein above were willful wanton, malicious, reckless and done with conscious indifferences to the ownership of and immediate right of possession of monies by Plaintiff and were in reckless disregard thereof.

44.    That on, information and belief Plaintiff, Johnnie DuBose Pro Se' is entitled to damages in an amount equal to the amount of monies converted by Defendants, for prejudgement interest, for punitive damages in an appropriate amount and for costs associated with bringing this action.

45.    Wherefore, Plaintiff Johnnie DuBose prays that he be awarded judgment.

46.    Terminating any and all interest Defendants his/her spouse, heirs, devisees, successors, assigns and anyone or anything, in the whole world claiming under her, irrespective of the nature of such claim, has in and to the property, barring any future claims Defendants may have in and to the property.

**SIGNED** this __2⅟__ day of January, 2007

Johnnie DuBose Pro Se'
4 Teakwood Lane
Wilmington, DE 19801
(302) 656-6838

**07 - 45**

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Johnnie M. DuBose

## DEFENDANTS

Maggie Clausell

**(b)** County of Residence of First Listed Plaintiff    New Castle County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Kent
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Pro Se'   302   4 Treewood Lane   Wilmington, Delaware 19810   6566538

Attorneys (If Known)

Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28. 22.S.C  1331

Brief description of cause:
Conspiracy to violate Civil Rights, Due Process under the law

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                DOCKET NUMBER

DATE   7 1-23-07

SIGNATURE OF ATTORNEY OF RECORD   + Johnnie DuBose

## FOR OFFICE USE ONLY

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

OFFICE OF THE CLERK
**UNITED STATES DISTRICT COURT**
DISTRICT OF DELAWARE

Peter T. Dalleo
**CLERK**

LOCKBOX 18
844 KING STREET
U.S. COURTHOUSE
WILMINGTON, DELAWARE 19801
(302) 573-6170

RE:  C.A.# _____0 7 - 4 5_____

CASE CAPTION: _____v._____

## ACKNOWLEDGMENT OF RECEIPT FOR F.R.Civ.P. 4

I hereby acknowledge receipt of a copy of Rule 4 (Summons) of the Federal
Rules of Civil Procedure, and understand that it is my responsibility to make service of
process on defendants in accordance with this rule.

Date Received _//23/07_          Signed: _Johnnie DuBose_
by Plaintiff:                              Pro Se Plaintiff

Date Received_____          Signed:_____
by Clerk's office:                         Deputy Clerk

Note:  If you received Federal Rule 4 by mail, please sign this receipt and return it to:

Clerk
U.S. District Court
844 N. King Street                    If applicable, Rule 4 mailed to plaintiff:
Lockbox 18
Wilmington, DE 19801

_____
Date mailed

_Ethretts_
By Deputy Clerk

cc:  Docketing Clerk

wp\forms\rule4receipt 2-04

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ **0 7 - 4 5** _____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____ *4* _____ COPIES OF AO FORM 85.

__1-23-07__
(Date forms issued)

__Johnnie DuBose__
(Signature of Party or their Representative)

__Johnnie DuBose__
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action