IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Johnnie M. DuBose, | ) |
| | ) C. A. No. 07-45 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Michael Walsh, in His Official Capacity as | ) |
| New Castle County Sheriff; American | ) |
| Business Credit (ABC); Robert K. Beste, Jr., | ) |
| Maggie Clausell, Esq., | ) |
| | ) |
| Defendants. | ) |

**OPENING BRIEF OF ROBERT K. BESTE, JR., ESQUIRE**
<u>**IN SUPPORT OF HIS MOTION TO DISMISS**</u>

Robert K. Beste, Jr., Esq. (I. D. No. 154)
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange St., Nemours Bldg., Ste. 1130
Wilmington, DE 19801
(302) 425-5089

Date: February 13, 2007

# **TABLE OF CONTENTS**

TABLE OF CASES/CITATIONS..................................................................................ii

I.  NATURE AND STAGE OF PROCEEDINGS........................................................1

II. STATEMENT OF FACTS.......................................................................................2

III. LEGAL ARGUMENTS:

    A.  **STANDARD OF REVIEW**...........................................................................5

    B.  **PLAINTIFF FAILS TO PROPERLY ALLEGE VIOLATIONS OF 42 U.S.C. §§1983, 1985, OR 1986, AS TO DEFENDANT BESTE, AND, THEREFORE THE COURT DOES NOT HAVE JURISDICTION OVER THIS MATTER**..................................................................................5

    C.  **THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. §1983**...........................................................................6

    D.  **NO CONSPIRACY IS ALLEGED, AS REQUIRED BY §1985**................7

    E.  **THE COMPLAINT DOES NOT STATE A CLAIM UNDER §1986**.........8

IV. CONCLUSION........................................................................................................9

# TABLE OF CASES AND CITATIONS

## CASES

Coxson v. Comm. of Pennsylvania, 935 F. Supp. 624 (W.D. Pa. 1996)..........................5

Cox v. Shiflett, No. 04-CA-1388-JJF, 2004 WL 2898060 (D.Del. Nov. 23, 2004)...............5

DeAngelo v. Brady, 185 Fed. App'x. 173 (3d Cir. 2006).............................................6

Gangemi v. Johnson, 1999 WL 777861 (S.D.N.Y. 1999)..............................................7

Harmon v. State of Delaware Secretary of State, 154 Fed. Appx. 283 (3d Cir. 2005)...........6

Henderson v. Fisher, 631 F.2d 1115 (3d Cir. 1980).....................................................6

Kost v. Kozakiewicz, 1 F.3d 176 (3d Cir. 1993)..........................................................5

Neitzke v. Williams, 490 U.S. 319 (1989).................................................................5

Pennsylvania Ex. Rel. Zimmerman v. Pepsico, Inc., 836 F2F 2d 173 (3d Cir. 1988)............5

Steward v. Meeker, 455 F.2d 669 (3d Cir. 1972).....................................................6, 7

Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972).......................................................6

Williams v. Dark, 884 F.Supp. 210 (E.D.Pa. 1993) ...................................................6

## CITATIONS

10 Del. C. §5095..............................................................................................6

11 U.S.C. §362................................................................................................2

42 U.S.C. §§1983, 1985, or 1986.............................................................5, 6, 7, 8, 9

Fed. R. Civ. P.12(b)(1).....................................................................................5, 9

Fed. R. Civ. P. 12(b)(6).......................................................................................9

I.  **NATURE AND STAGE OF PROCEEDINGS**

The Complaint in this matter was filed January 23, 2007, against Michael Walsh, in his official capacity of Sheriff of New Castle County; American Business Credit; Robert K. Beste, Jr., Esquire ("Beste"); and Maggie R. Clausell, Esquire.

The only allegations that appear in the Complaint that are specifically directed to Beste, are found in Paragraphs 28 and 31. Beste has moved to dismiss this action, for Plaintiff's failure to state a claim upon which relief can be granted, and for Plaintiff's failure to state a claim within the jurisdiction of this Court.

II. **STATEMENT OF FACTS**

The substance of the Complaint arises from a mortgage foreclosure action, relating to 725 and 727 Bennett Street, Wilmington, Delaware (hereinafter the "Property"). (Complaint ¶11). The foreclosure action was initiated in 2003, against Clive Bey, a/k/a Neville B. Hemley (hereinafter "Bey"), the owner of record of the Property as of the time of filing the foreclosure action. (Complaint ¶18). As a result, American Business Credit (hereinafter "ABC") obtained a judgment against Bey. That foreclosure action was interrupted when Bey filed for bankruptcy, in the Bankruptcy Court for the District of Delaware, in Case No. 04-11391-JKF, on May 10, 2004; and later when ABC also filed for bankruptcy in the Bankruptcy Court for the District of Delaware, in Case No. 05-10206, on January 21, 2005. That matter continues to be jointly-administered in the matter of "In Re: American Business Financial Services, Inc.," Case No. 05-10203, which was a related corporation of ABC. American Business Financial Services, Inc. and ABC are still in bankruptcy. (Complaint ¶27).

In the interim, Plaintiff, Johnnie M. DuBose (hereinafter "Plaintiff"), who was the holder of a <u>second mortgage</u> with respect to the Property, initiated his own foreclosure, which resulted in a Sheriff's Sale on October 11, 2005 (Complaint ¶11), and the issuance of a Sheriff's Deed to Plaintiff on November 30, 2005. (Complaint ¶15).[1]

What Plaintiff fails and refuses to recognize is that his foreclosure (even though potentially invalid) was based upon his second mortgage on the Property, and his taking of a

---

[1] In fact, when Plaintiff obtained the deed from the New Castle County Sheriff, ABC was currently in bankruptcy. Any action by Plaintiff relating to property that was secured by an ABC mortgage, without obtaining the permission of the Bankruptcy Court, was inappropriate, and violative of the stay issued in the ABC bankruptcy, pursuant to 11 U.S.C. §362.

2

Sheriff's Deed was taken subject to existing liens and mortgages having priority, such as the ABC mortgage.

Beste represented ABC in the ABC foreclosure, prior to the bankruptcy filing. Thereafter, since the mortgage and note remained in the name of ABC, the mortgage foreclosure action was prosecuted in the ABC name. The foreclosure action was prosecuted on behalf of Ocwen Federal Bank, FSB, who acted as a servicing agent for ABC. That foreclosure action nominally by ABC continued, and resulted in a Sheriff's Sale based upon the ABC mortgage that had priority over Plaintiff's deed. That Sheriff's Sale was held on November 14, 2006. (Complaint ¶20). Immediately prior to that sale, and in the following days, Plaintiff filed a Motion to Stay Sheriff's Sale, ultimately presented to the court on November 17, 2006, after the Sheriff's Sale had taken place; and the court was obviously required to deny Plaintiff's motion to stay a sale that had already taken place. (Complaint ¶¶20-24). Thereafter, Plaintiff filed a Motion to Vacate the Sheriff's Sale of November 14, 2006, but that motion was also denied by the State Court, on December 29, 2006. (Complaint ¶30).

Allegations of wrongdoing directed to Beste appear as follows:

"28.   Plaintiff has not been able to establish that Robert Beste, Jr., the purported attorney for ABC who terminated him as counsel on or about January 3, 2006, had standing to initiate the Sheriff's Sale November 14, 2006.

31.   In the words of Robert Beste, Jr., purported attorney for ABC, in response to Plaintiff's motion to vacate, 'Nothing is left to do by the Court but to confirm that November 14, 2006 Sheriff Sale'."

Paragraph 37 of the Complaint is clearly directed to ABC, and not Beste, with an unfounded allegation that ABC received income. In any event, those allegations are directed to ABC and not Beste. The allegations contained in what is captioned as "Count VII Third Cause of

Action," relate to allegations of wrongdoing by the Sheriff, ABC, and Defendant Clausell, but contain no allegations of wrongdoing by Beste.

In sum, it is quite clear that Plaintiff is naturally disappointed by his loss of the real estate. That loss is a result of Plaintiff's failure, when attempting his foreclosure, and his continued failure thereafter, to understand the processes and the fact that the foreclosure on a second mortgage does not bar or take away the rights of first mortgage holder, such as those rightly held by ABC. Nonetheless, there is no allegation of wrongdoing against Beste that results in a cause of action within the jurisdiction of this Court, and the Complaint fails to allege any cognizable federal, common law, or state law action.

III. **LEGAL ARGUMENTS**

    A. **STANDARD OF REVIEW**

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the Court to address the merits of Plaintiff's Complaint, and should be granted where the asserted claim is "insubstantial, implausible,..., or otherwise completely devoid of merit as not to involve a Federal controversy." Coxson v. Comm. of Pennsylvania, 935 F. Supp. 624, 626 (W.D. Pa. 1996) [Citations omitted]; Cox v. Shiflett, No. 04-CA-1388-JJF, 2004 WL 2898060 (D.Del. Nov. 23, 2004).

A Motion to Dismiss under Rule 12(b)(6) tests the sufficiency of a Complaint, and is not to resolve disputed facts or to decide the case on the merits. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Therefore, in considering a motion to dismiss under Rule 12(b)(6), a court must accept as true all allegations in the Complaint. Neitzke v. Williams, 490 U.S. 319, 326 (1989). Nonetheless, this court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost v. Kozakiewicz, supra, at p. 183. A court may dismiss a complaint when the facts pleaded, and the inferences drawn therefrom, are legally insufficient to support the relief sought. Pennsylvania Ex. Rel. Zimmerman v. Pepsico, Inc., 836 F2F 2d 173, 175 (3d Cir.1988).

    B. **PLAINTIFF FAILS TO PROPERLY ALLEGE VIOLATIONS OF 42 U.S.C. §§1983, 1985, OR 1986, AS TO DEFENDANT BESTE, AND, THEREFORE THE COURT DOES NOT HAVE JURISDICTION OVER THIS MATTER.**

Beste has moved to dismiss the allegations against him, and under Fed. R. Civ. P. 12(b)(1), in that it is devoid of any merit, and does not involve any issue subject to the jurisdiction of this Court.

Even if the Court assumes Plaintiff's allegations are correct - and even though they are not - Beste was merely acting as an officer of the Court in advocating his client's rights. Attorneys may be officers of the Court, but that is insufficient for a finding that the lawyer's acts are under color or state law, as required by 42 U.S.C. §1983, 1985, and 1986. Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972); Steward v. Meeker, 455 F.2d 669 (3d Cir. 1972); Williams v. Dark, 884 F.Supp. 210 (E.D. Pa.1993); Henderson v. Fisher, 631 F.2d 1115 (3d Cir. 1980); DeAngelo v. Brady, 185 Fed. Appx. 173 (3d Cir. 2006); Harmon v. State of Delaware Secretary of State, 154 Fed. App'x. 283 (3d Cir. 2005).

### C. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. §1983

Aside from the merits of Plaintiff's failure to understand the foreclosure process, it is apparent the allegations he makes as to Defendant Beste are clearly insufficient to state any cause of action against Defendant Beste.

Paragraph 28 of the Complaint states merely that Plaintiff has not been able to establish that Beste had "standing" to initiate the Sheriff's Sale. Plaintiff's inability to "establish" that Beste had "standing" is meaningless. Whether or not Beste in fact had "standing" to initiate the foreclosure or Sheriff's Sale, is similarly meaningless as to Plaintiff. Plaintiff does not allege Beste did not have "standing," but only that Plaintiff could not establish that such "standing" existed.

Plaintiff's "First Cause of Action" is set forth in Section V. Allegations in Paragraphs 33 and 34 are not directed to Defendant Beste. Paragraph 35 states: "Plaintiff alleges that judgment was entered upon the wrong person in violation of 10 sec. 5095." Presumably, Plaintiff refers to 10 Del. C. §5095, dealing with the mistaken identity of the judgment debtor. Section 5095 sets

forth a specific procedure, wherein, if the Court determines a judgment is against the wrong person, if the judgment can be corrected. Even assuming the allegation in Paragraph 35 is directed to Beste, it does not state any cause of action. It should be noted there was no mistake in the name of the debtor. The Debtor was "Clive Bey, a/k/a Neville B. Hemley," and that is the party against which a judgment was properly lodged.

The "Second Cause of Action," as set forth in Section VI of the Complaint, appears to be directed to Defendant ABC, and not to Defendant Beste. To the extent it is intended to be directed to Defendant Beste, it is a mere summary allegation, does not state a federal cause of action, and should be dismissed.

The "Third Cause of Action," as set forth in Section VII of the Complaint, does not contain allegations with respect to Defendant Beste.

### D.     NO CONSPIRACY IS ALLEGED, AS REQUIRED BY §1985.

It is not quite clear what specific subsection of §1985 Plaintiff asserts was violated. However, each subsection of §1985 requires a specific type of conspiracy. Plaintiff's Complaint makes no allegation that any party conspired with any other party. Section 1985 requires allegations of a conspiracy; and, in the absence of such, the Complaint should be dismissed. Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972). As with Section 1983, Section 1985 also requires state action or state involvement, and allegations of an attorney's use of court proceedings does not arise to a violation of §1985. Gangemi v. Johnson, 1999 WL 777861 (S.D.N.Y. 1999).

**E.     THE COMPLAINT DOES NOT STATE A CLAIM UNDER §1986.**

42 U.S.C. §1986 refers to failure to act upon wrongs conspired to be done, as set forth in §1985. There is no allegation of any conspiracy, and there is no allegation of neglect or failure to prevent any action, and therefore this action must be dismissed.

## IV.  CONCLUSION

It is respectfully submitted that, based upon the foregoing reasons and authority: [1] the Complaint fails to properly allege a violation of federal law, under 42 U.S.C. §§1983, 1985, 1986 or 1988, or other federal law, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1); and [2] the Complaint fails to state a claim upon which relief can be granted, and should be therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**Cohen, Seglias, Pallas, Greenhall & Furman, P.C.**

_____
Robert K. Beste, Jr., Esq. (I.D. No. 154)
1007 Orange St., Ste. 1130
Nemours Building
Wilmington, DE 19801
Phone: (302) 425-5089

Date: 2/13/07

RKB/msj
05021-0059; Doc.#1

9

**CERTIFICATE OF SERVICE**

I, Robert K. Beste, Jr., do hereby certify that on this  13th  day of February, 2007, two true and correct copies of the attached "Opening Brief of Robert K. Beste, Jr., Esquire in Support of His Motion to Dismiss," were given to the following, by the method indicated:

**By First-Class Mail**

Johnnie M. DuBose
4 Teakwood Lane
Wilmington, DE  19801

American Business Credit, Inc.
c/o George L. Miller, Chapter 7 Trustee
Miller Coffey Tate LLP
8 Penn Center, Suite 950
Philadelphia, PA  19103

Michael Walsh, Sheriff New Castle County
City/County Building
800 N. French Street, Suite 5
Wilmington, DE  19801

**By First-Class Mail and Electronically**

Paul Cottrell, Esquire
Tighe & Cottrell, P.A.
704 N. King Street, Suite 500
P. O. Box 1031
Wilmington, DE  19899

                                         Cohen, Seglias, Pallas,
                                         Greenhall & Furman, P.C.

                                         Robert K. Beste, Jr., Esq. (I.D. #154)
                                         1007 N. Orange Street
                                         Nemours Building, Suite 1130
                                         Wilmington DE 19801
                                         (302)425-5089

RKB/msj
09999-0144; Doc.; #1374