IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNIE M. DuBOSE ) | |
| ) | C.A. No.: 07-45*** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL WALSH, in his official capacity as ) | |
| New Castle County Sheriff; AMERICAN ) | |
| BUSINESS CREDIT (ABC); ROBERT K. ) | |
| BESTE, JR; and MAGGIE CLAUSELL, Esq. ) | |
| ) | |
| Defendants. ) | |

**OPENING BRIEF OF DEFENDANT MAGGIE CLAUSELL, Esq.,
<u>IN SUPPORT OF HER MOTION TO DISMISS</u>**

**TIGHE & COTTRELL, P.A.**

<u> /s/ Paul Cottrell                    </u>
Paul Cottrell, Esq. (DE I.D. # 2391)
Patrick M. McGrory Esq. (DE I.D. # 4943)
One Custom House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.cottrell@lawtcl.com
*Attorneys for Defendant Maggie Clausell,Esq.*

Dated: <u>February 19, 2007    </u>

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.    LEGAL ARGUMENTS

        A.     The Summons and Complaint should be Dismissed for Insufficiency of Process . . . . . 2

        B.     The Complaint Should be Dismissed for Failure to State a Claim . . . . . . . . . . . . . . . . 2

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# TABLE OF AUTHORITIES

**CASES**

*Carefirst of Md., Inc. v. Care First Transp., Inc.*,
2002 U.S. Dist. LEXIS 22830(Del. Dist. Ct. Nov. 1, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*Shomide v. ILC Dover LP*,
2006 U.S. Dist. LEXIS 50246, *11 (Del. Dist. Ct. Jul 20, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Signs by Tomorrow - USA, Inc. v. G.W. Engel Co.*,
2006 U.S. Dist. LEXIS 56456 (Del. Dist. Ct.  August 1, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,3

## I. NATURE AND STAGE OF PROCEEDINGS

On or about January 23, 3007, Plaintiff Johnnie M. DuBose filed his three count Complaint alleging violations of 42 U.S.C. § § 1983, 1985 and 1986, as well as the Fourth, Fifth and Fourteenth Amendments in Count One, and two apparent claims for conversion with regards to the sheriff's sale of a home in which the Plaintiff claims to have had a mortgage interest.

On or about February 13, 2007, co-defendant Robert Beste filed a motion to dismiss the Complaint based upon Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim. Movant hereby joins in co-defendant Robert Beste's Motion, and incorporates by reference all grounds alleged in that Motion as if fully set out herein.

## II. SUMMARY OF ARGUMENT

In addition to those grounds alleged in the above motion, Movant avers that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) and (6) on the basis that Plaintiff has not properly served the Movant with a summons and/or complaint in the matter and that, regardless, the Complaint fails to state a claim upon which relief could be granted in so far as the Plaintiff has alleged no facts to support the mere conclusory statements of law contained therein.

## III. STATEMENT OF FACTS

The Plaintiff filed the Return of Service with regards to Maggie Clausell on February 6, 2007, wherein he declares that he sent the summons and complaint to the Movant via USPS certified mail on January 30, 2007.

Paragraph 21 of the Complaint alleges that the Plaintiff retained the legal services of the Movant on July 21, 2006, to represent his interests with respect to the sheriff's sale of property in which he claims to have had an interest. Paragraph 30 of the Complaint then alleges that Movant removed the

Plaintiff's Motion to Vacate the Sheriff's Sale without consulting or notifying the Plaintiff. Based upon these facts, the Plaintiff then avers only two conclusory statements in Counts two and three which reference the Movant and apparently state the beginnings of a claim for conversion. (See, ¶¶ 37 and 42 of the Complaint, D.I.#1). In Par. 37, the Plaintiff states that the defendants converted money belonging to the Plaintiff. In Par. 42, the Plaintiff states that Maggie Clausell's retention of $2,000 that the Plaintiff paid to Movant constitutes a conversion.

### IV.  LEGAL ARGUMENTS

A.      The Summons and Complaint should be Dismissed for Insufficiency of Process

Neither Fed. R. Civ P. 4 nor Delaware law allows service of original process upon an individual by certified mail, as the Plaintiff has indicated he attempted in this case. *Signs by Tomorrow - USA, Inc. v. G.W. Engel Co.*, 2006 U.S. Dist. LEXIS 56456, *8-9 (Del. Dist. Ct. August 1, 2006); *Shomide v. ILC Dover LP*, 2006 U.S. Dist. LEXIS 50246, *11 (Del. Dist. Ct. Jul 20, 2006). Because the Plaintiff has also failed to state a claim, as outlined below, dismissal of the Plaintiff's Complaint for insufficiency of service of process is warranted.

B.      The Complaint Should be Dismissed for Failure to State a Claim

Irrespective of the failure to effectuate proper service of process, and in addition to the reasons set forth in the Motion to Dismiss filed by co-defendant Robert K. Beste, Jr. (D.I. 9 and 10), Plaintiff's Complaint should be dismissed for failing to state a claim upon which relief can be granted because the Plaintiff has merely made conclusory statements of law which are insufficient to support the allegations in the complaint.

As this Court has stated in *Carefirst of Md., Inc. v. Care First Transp., Inc.*, 2002 U.S. Dist. LEXIS 22830(Del. Dist. Ct.Nov. 1, 2002):

> "[T]his court does not have to accept every allegation as true. Nor should conclusory allegations of law, unsupported conclusions and unwarranted inferences be accepted as true. Thus, although the plain statement required by Fed. R. Civ. P 8(a)(2) should be read in a light most favorable to the plaintiffs, the conclusory allegations unsupported by any factual assertions, made in plaintiffs' complaint cannot withstand a motion to dismiss."

*Id*. at *7-8 (internal quotations and citations omitted).

Moreover, when deciding upon a motion to dismiss for failure to state a claim, the Court "need not credit a complaint's bald assertions or legal conclusions [...]" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3rd Cir. 1997). In the Complaint, *sub judice*, the Plaintiff's mere use of the word "conversion", without alleging any facts supporting such a claim, fails to adequately outline a claim for conversion. Likewise, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### V. CONCLUSION

Movant respectfully submits that the Plaintiff's Complaint should be dismissed for insufficiency of service of process as the Plaintiff's own admission contained within his return of service indicates that he did not properly effectuate service of the Summons and Complaint upon the Movant, Maggie Clausell.

Furthermore, the Complaint should be dismissed for lack of subject matter jurisdiction, as argued by the co-defendant Robert K. Beste, Jr.'s in his Motion to Dismiss, as well as be dismissed for failure to state a claim against Maggie Clausell as required by Fed. R. Civ. P. 12(b)(6).

**TIGHE & COTTRELL, P.A.**

    /s/ Paul Cottrell
Paul Cottrell, Esq. (DE I.D. # 2391)
Patrick M. McGrory Esq. (DE I.D. # 4943)
One Custom House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.cottrell@lawtcl.com

Dated: February 19, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNIE M. DuBOSE ) | |
| ) | C.A. No.: 07-45*** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL WALSH, in his official capacity as ) | |
| New Castle County Sheriff; AMERICAN ) | |
| BUSINESS CREDIT (ABC); ROBERT K. ) | |
| BESTE, JR; and MAGGIE CLAUSELL, Esq. ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, Paul Cottrell, Esquire, hereby certify that on February 19, 2007, I caused to be served a true and correct copy of the attached *Opening Brief in Support of Motion to Join and Motion to Dismiss* upon the following in the manner indicated:

**Electronic Mail using CM/ECF**

Robert K. Beste, Jr.
Cohen Seglias Pallas Greenhill
& Furman PC
Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801
(302) 425-5089

Donald L. Gouge, Jr.
Heiman, Gouge & Kaufman, LLP
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19899
(302) 658-1800

**First Class, US Mail, Postage Prepaid**

Johnnie M. DuBose
4 Teakwood Lane
Wilmington, DE 19801

American Business Credit, Inc.
c/o George L. Miller, Chapter 7 Trustee
Miller Coffey Tate LLP
8 Penn Center, Suite 950
Philadelphia, PA 19103

**TIGHE & COTTRELL, P.A.**

　　/s/ Paul Cottrell
Paul Cottrell, Esquire
DE I.D. # 2391