IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Johnnie M. DuBose,<br>    Plaintiff,<br><br>v.<br><br>Michael Walsh, American Business Credit,<br>Robert K. Beste, Jr. and Maggie Clausell,<br>    Defendants. | )<br>)<br>)<br>)  C.A. No. 07-045(***)<br>)<br>)<br>)<br>) |

### OPENING BRIEF OF DEFENDANTS MICHAEL WALSH AND THE NEW CASTLE COUNTY SHERIFF

HEIMAN, GOUGE & KAUFMAN, LLP

*/s/ Donald L. Gouge, Jr. #2234*
Donald L. Gouge, Jr. (DSB # 2234)
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19801
(302) 658-1800
(302) 658-1473 (fax)
dgouge@hgkde.com

Date: March 5, 2007

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| TABLE OF AUTHORITIES | | ii |
| I. | Nature and stage of the Proceedings | 1 |
| II. | Summary of Argument | 1 |
| III. | Statement of Facts | 1 |
| IV. | Argument | 2 |
| V. | Conclusion | 4 |

# TABLE OF AUTHORITIES

## CASES

*Burge v. Fidelity Bond and Mortgage Company*, 648 A.2d 414 (Del. 1994)     1

*Cedar Inn v. King's Inn, Inc.*, 269 A. 2d 781 (Del.Super. 1970)     2

*Steward v. Meeker*, 459 D.2d 669 (3d Cir 1972)     4

## STATUTES, RULES

10 Del.C. §4985     2

42 U.S.C. §1983     3, 4

42 U.S.C. §1985     3, 4

42 U.S.C. §1986     4

Fed. R. Civ. P. 12(b)(1)     2, 4

Fed. R. Civ. P. 12(b)(6)     4

I. **NATURE AND STAGE OF PROCEEDINGS**

The Sheriff defendants (Michael Walsh and the New Castle County Sheriff) adopt the nature and stage of the proceedings set forth in the co-defendants' motions to dismiss and supporting briefs and incorporate by reference all grounds alleged in their Motions as if fully set forth herein.

The Sheriff defendants have moved to dismiss this action, for Plaintiff's failure to state a claim upon which relief can be granted, and for Plaintiff's failure to state a claim within the jurisdiction of this Court.

II. **SUMMARY OF ARGUMENT**

See above.

III. **STATEMENT OF FACTS**

The Sheriff defendants adopt and incorporate the statement of facts presented by the co-defendants.

The plaintiff alleges that the Sheriff delivered a defective deed (complaint, #33); converted rental income (complaint, #37); and retained the proceeds of the judicial sale (complaint, #40).

As a means of background, the Sheriff is nothing more than a judicial conduit to sell real estate at monthly auctions. The foreclosure sales are held once the Delaware Superior Court has entered a judgment pursuant to a complaint and the appropriate writs are filed to sell a parcel of real estate. At any time before the sale or prior to confirmation after the sale (confirmation takes place the first Friday after the first Monday the month following the sale) a motion to stay (before the sale) or set aside a sale (after a sale) may be filed. A review of a Sheriff's sale are generally filed in and decided by the Delaware Superior Court. *Burge v. Fidelity Bond and*

*Mortgage Company*, 648 A.2d 414 (Del. 1994). DuBose filed a motion to set aside the November 13, 2006 sale of 727 Bennett Street but never presented the motion. The disbursement of sale proceeds are governed by Statute, 10 *Del.C.* §4985; *Cedar Inn v. King's Inn, Inc.*, 269 A.2d 781 (Del.Super. 1970). At no time does the Sheriff take possession of a parcel of real estate before, during or after a sale and therefore collects no funds (e.g. rent). The only funds collected by the Sheriff result from actual purchases of real estate as part of the sale process. All monies collected by the Sheriff from successful bidders are accounted for in a cost sheet. The disbursement ledger for the two sales in issue are attached.

III. **LEGAL ARGUMENTS**

    A. **STANDARD OF REVIEW**

The Sheriff adopts the standard of review set forth in the co-defendants' briefs.

    B. **PLAINTIFF FAILS TO PROPERLY ALLEGE VIOLATIONS OF 42 U.S.C. §§1983, 1985, OR 1986, AS TO THE SHERIFF DEFENDANTS AND, THEREFORE THE COURT DOES NOT HAVE JURISDICTION OVER THIS MATTER.**

The Sheriff defendants move to dismiss the allegations against them under Fed. R. Civ. P. 12(b)(1), in that the claims are devoid of any merit, and does not involve any issue subject to the jurisdiction of this Court. The Sheriff adopts and incorporates the arguments contained in the co-defendants' briefs.

    C. **THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. §1983**

Aside from the merits of Plaintiff's failure to understand the foreclosure process, it is apparent the allegations he makes as to the Sheriff defendants are clearly insufficient to state any cause of action.

2

Paragraph 33 of the Complaint states merely that Plaintiff was provided a defective deed without stating how or why. After a sale has been confirmed by the Delaware Superior Court, a deed is executed by the Sheriff in one of two ways. First, the deed is prepared and presented by the successful bidder. Second is that the Sheriff will prepare the deed at the instruction and expense of the successful bidder. The Sheriff has no legal obligation to independently research title to the property. The real estate sales are buyer beware, so it is incumbent upon a successful bidder to know what he is buying at a sale. It is unknown how or why the Sheriff purportedly delivered a "defective title" to the Plaintiff.

The "Second Cause of Action," as set forth in Section VI of the Complaint, appears to allege that the Sheriff collected rental income from the property. As stated above, the Sheriff never takes possession of a property before, during or after a sale and therefore does not collect rent. The only contact that the Sheriff or his agents have with an occupant of a property is to post notice(s) of the sale and removal of the occupants once the Delaware Superior Court has issued a writ of possession, which is several months after the sale date. At best, this mere summary allegation does not state a federal cause of action, and should be dismissed.

The "Third Cause of Action," seems to allege that the Sheriff improperly disbursed the proceeds of the sale. The proceeds were disbursed consistent with State law and Delaware state case law. The conclusory allegation does not support a federal cause of action.

**D.    NO CONSPIRACY IS ALLEGED, AS REQUIRED BY §1985.**

It is not quite clear what specific subsection of §1985 Plaintiff asserts was violated. However, each subsection of §1985 requires a specific type of conspiracy. Plaintiff's Complaint makes no allegation that any party conspired with any other party. Section 1985 requires

allegations of a conspiracy; and, in the absence of such, the Complaint should be dismissed. Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972). As with Section 1983, Section 1985 also requires state action or state involvement, and vague allegations of defective title, collection of rents and conversion do not support a Section 1985 action.

### E. THE COMPLAINT DOES NOT STATE A CLAIM UNDER §1986.

42 U.S.C. §1986 refers to failure to act upon wrongs conspired to be done, as set forth in §1985. There is no allegation of any conspiracy, and there is no allegation of neglect or failure to prevent any action, and therefore this action must be dismissed.

### IV. CONCLUSION

It is respectfully submitted that, based upon the foregoing reasons and authority: [1] the Complaint fails to properly allege a violation of federal law, under 42 U.S.C. §§1983, 1985, 1986 or 1988, or other federal law, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1); and [2] the Complaint fails to state a claim upon which relief can be granted, and should be therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

HEIMAN, GOUGE & KAUFMAN, LLP

/s/ Donald L. Gouge, Jr. #2234
Donald L. Gouge, Jr. (DSB # 2234)
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19801
(302) 658-1800
(302) 658-1473 (fax)
dgouge@hgkde.com

Date:   March 5, 2007

# Exhibit 1

| Field | Value |
|---|---|
| SALE DATE | 11/14/06 |
| ATTORNEY | |
| PLAINTIFF | AMERICAN BUSINESS CREDIT INC |
| TESTE DATE | 09/11/06 |
| CIVIL ACTION NUMBER | 03L-12-078 |
| WRIT | 2ND PLRS LEV FAC |
| # | 4 |
| SEAD06 | SEAD06 |
| DEFENDANT | BEY, CLIVE E AKA NEVILLE D HEMLEY |
| ADDRESS | 727 BENNETT STREET |
| CITY | WILMINGTON |
| ZIP CODE | 19801 |
| PARCEL | 26-044.10-169 |
| TYPE | 1 |
| OUTCOME | BUYBACK |
| OUTCOME1 | BUY BACK |
| NOTES | DEEDED TO JPMORGAN CHASE BANK, N.A., ...1/12/07 ; DEED PREP 1/17/07, R#30557; MOTION TO SET ASIDE DENIED 12/15/06 - DEED PREP CHARGED TO FEES - |
| UPSET BID | $51,000.00 |
| ASSETS | $5,484.93 |
| LIABILITIES | $5,484.93 |
| PAID? | PAID |
| BALANCE/EXCESS | $0.00 |
| **STAY COSTS DETAIL** | |
| HANDBILLS | $110.00 |
| HANDBILLS, CK#, DATE | FARLEY PRINTING, CK#2108, 10/31/06 |
| NEWS JOURNAL | $400.02 |
| NEWS JOURNAL, CK#, DATE | NEWS JOURNAL:CK#2161:12/14/06 |
| NEW CASTLE WEEKLY | $50.00 |
| NEW CASTLE WEEKLY, CK#, DATE | NEW CASTLE WEEKLY:CK#2162:12/14/06 |
| NEWARK POST | $0.00 |
| NEWARK POST, CK#, DATE | |
| MIDDLETOWN TRANSCRIPT | $0.00 |
| MIDDLETOWN TRANSCRIPT, CK#, DATE | |
| SHERIFF PREP COSTS | $25.00 |
| SHERIFF PREP COSTS, R#, CK#, DATE | |
| TOTAL STAY COSTS | $585.02 |
| **OTHER COSTS DETAIL** | |
| CERT. AND ACK. | $7.50 |
| CERT. & ACK.;R#, CK#, DATE | |
| AUCTIONEER | $30.00 |
| AUCTIONEER, CK#, DATE | 153, 11/15/06 |
| TOTAL SALE COSTS | $37.50 |
| **TAXES AND UTILITIES DETAIL** | |
| NCC TAX | $790.41 |
| NCC TAX, CK#, DATE | 2229, 1/23/07 |
| NCC SEWER | $0.00 |
| NCC SEWER, CK#, DATE | VERIFIED PER HANSON 1/23/07 |
| NCC ATTORNEY FEE | $0.00 |
| NCC ATTY FEE, CK#, DATE | |
| WILM.TAX | $581.87 |
| WILM. TAX, CK#, DATE | CITY OF WILMINGTON, CK#2231, 1/23/07 |
| WILM. WATER | $1,910.13 |
| WILM. WATER ACCOUNT NUMBER | #14617 '4733C |
| WILM. WATER, CK#, DATE | CITY OF WILMINGTON, CK#2231, 1/23/07 |
| L & I LIENS | $0.00 |
| L & I LIENS ACCT. # | |
| L&I LIENS, CK#, DATE | |
| WILM. ATTY FEE | |
| WILM. ATTY FEE, CK#, DATE | |
| TOWN OF ELSMERE FEES | $0.00 |
| TOWN OF ELSMERE, CK#, DATE | |
| NEWARK FEES | $0.00 |
| NEWARK FEES, CK#, DATE | |
| ELSMERE FEES | $0.00 |
| ELSMERE CK#, DATE | |
| TOTAL TAXES AND UTILITIES (T&U) | $3,282.41 |
| TOTAL SALE COSTS PLUS TAXES AND UTILITIES | $3,904.93 |
| **DEBT DETAIL** | |
| PRINCIPAL | $155,450.29 |
| INTEREST | $125,327.76 |
| INTEREST UNTIL CONFIRMATION | $0.00 |
| DEPOSIT | $500.00 |
| LATE | $5,764.20 |
| ESCROW | $0.00 |
| COSTS | $0.00 |
| MISC | $44,151.85 |
| | $0.00 |
| DEBT TOTAL | $331,194.10 |
| COUNSEL FEE | $27,000.00 |
| DEBT PLUS COUNSEL FEE | $358,194.10 |
| SHERIFF 3% ($500 MIN) | $1,530.00 |
| SHERIFF 3%, R#, CK#, DATE | NEW CASTLE COUNTY, CK#2232, R#50536, 1/24/07 |
| TRANSFER TAX1 | $0.00 |
| TRANSFER TAX1, CK#, DATE | $0.00 N/A |
| TRANSFER TAX2 | $0.00 |
| TRANSFER TAX2, CK#, DATE | $0.00 N/A |
| RECEIPTS | |
| ATTORNEY DEPOSIT | $500.00 |
| ATTORNEY DEPOSIT, R#, DATE | ATTORNEY DEPOSIT, R#, DATE |
| RECEIPT1 AMOUNT | $4,984.93 |
| RECEIPT1, R#, DATE | OCWEN LOAN SERVICING LLC:R#30533:12/15/06 |
| RECEIPT2 AMOUNT | $0.00 |
| RECEIPT2, R#, DATE | |
| RECEIPT3 AMOUNT | $0.00 |
| RECEIPT3, R#, DATE | |
| TOTAL RECEIPTS | $5,484.93 |
| DISBURSEMENTS | |
| DISBURSEMENT1 AMOUNT | $50.00 |
| DISBURSEMENT1, CK#, DATE | TO PAY FOR DEED PREP+ R#30557, 1/17/07 |
| DISBURSEMENTS2 AMOUNT | $0.00 |
| DISBURSEMENTS2, CK#, DATE | |
| DISBURSEMENTS3 AMOUNT | $0.00 |
| DISBURSEMENTS3, CK#, DATE | |
| TOTAL DISBURSEMENTS | $50.00 |

Inset box:
DEED TO:
JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF ABFS MORTGAGE LOAN TRUST 2001-02, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2001-2

RETURN ADDRESS:
COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC
NEMOURS BUILDING, SUITE 1130
WILMINGTON, DE 19801

SSN: ???

| | |
|---|---|
| SALE DATE | 05/09/06 |
| ATTORNEY | BESTE,R. |
| PLAINTIFF | AMERICAN BUSINESS CREDIT INC |
| TESTE DATE | 03/16/06 |
| CIVIL ACTION NUMBER | 03L-12-078 |
| WRIT | 1ST PLRS LEV FAC |
| # | 85 |
| MR AD 06 | MR AD 06 |
| DEFENDANT | DUBOSE, JOHNNIE |
| ADDRESS | 727 BENNETT STREET |
| CITY | WILMINGTON |
| ZIP CODE | 19801 |
| PARCEL | 26-044.10-169 |
| TYPE | 0 |
| OUTCOME | STAYED |
| OUTCOME1 | STAYED PER FAX 5/9/06 |
| NOTES | |
| UPSET BID | $217,000.00 |
| ASSETS | $500.00 |
| LIABILITIES | $588.56 |
| PAID? | NOT PAID |
| BALANCE/EXCESS | ($88.56) |
| STAY COSTS DETAIL | |
| HANDBILLS | $110.00 |
| HANDBILLS, CK#, DATE | FARLEY PRINTING, CK#1741, 5/22/06 |
| NEWS JOURNAL | $403.56 |
| NEWS JOURNAL, CK#, DATE | NEWS JOURNAL:CK#1777:6/5/06 |
| NEW CASTLE WEEKLY | $50.00 |
| NEW CASTLE WEEKLY, CK#, DATE | NEW CASTLE WEEKLY:CK#1778:6/5/06 |
| NEWARK POST | $0.00 |
| NEWARK POST, CK#, DATE | |
| MIDDLETOWN TRANSCRIPT | $0.00 |
| MIDDLETOWN TRANSCRIPT, CK#, DATE | |
| SHERIFF PREP COSTS | $25.00 |
| SHERIFF PREP. COSTS, CK#, DATE | |
| TOTAL STAY COSTS | $588.56 |
| OTHER COSTS DETAIL | |
| CERT. AND ACK. | $0.00 N/A |
| CERT AND ACK. CK#, DATE | $0.00 N/A |
| AUCTIONEER | $0.00 N/A |
| AUCTIONEER CK#, DATE | $0.00 N/A |
| DEPOSIT LESS STAY/OTHER COSTS | $0.00 |
| TAXES AND UTILITIES DETAIL | |
| NCC TAX | $0.00 N/A |
| NCC TAX, CK#, DATE | $0.00 N/A |
| NCC SEWER | $0.00 N/A |
| NCC SEWER, CK#, DATE | $0.00 N/A |
| WILM.TAX | $0.00 N/A |
| WILM. TAX, CK#, DATE | $0.00 N/A |
| WILM. WATER AND SEWER | $0.00 N/A |
| WILM. WATER ACCOUNT NUMBER | $0.00 N/A |
| WILM. WATER, CK#, DATE | $0.00 N/A |
| L & I LIENS | $0.00 N/A |
| L & I LIENS ACCT. # | $0.00 N/A |
| WILM. L&I, CK#, DATE | $0.00 N/A |
| MIDDLETOWN FEES | $0.00 N/A |
| MIDDLETOWN FEES, CK#, DATE | $0.00 N/A |
| NEWARK FEES | $0.00 N/A |
| NEWARK FEES, CK#, DATE | $0.00 N/A |
| NEW CASTLE FEES | $0.00 N/A |
| NEW CASTLE FEES, CK#,DATE | $0.00 N/A |
| MONITION FEE | $0.00 N/A |
| MONITION FEES, CK#, DATE | $0.00 N/A |
| ATTORNEY FEE | $0.00 N/A |
| ATTORNEY FEE, CK#, DATE | $0.00 N/A |
| TOTAL TAXES AND UTILITIES (T&U) | $0.00 |
| DEPOSIT LESS COSTS AND T&U | $0.00 |
| DEBT DETAIL | |
| PRINCIPAL | $155,450.29 |
| INTEREST | $103,358.20 |
| INTEREST UNTIL CONFIRMATION | $0.00 |
| DEPOSIT | $500.00 |
| LATE | $5,764.20 |
| ESCROW | $0.00 |
| COSTS | $0.00 |
| MISC | $44,151.85 |
| DEBT TOTAL | $309,224.54 |
| COUNSEL FEE | $12,940.42 |
| DEBT PLUS COUNSEL FEE | $322,164.96 |
| SHERIFF'S FEE (3% HIGH BID) $500 MINIMUM | $0.00 N/A |
| SHERIFF 3%, R#, CK#,DATE | $0.00 N/A |
| TRANSFER TAX1 AMOUNT | $0.00 N/A |
| TRANSFER TAX1, CK#, DATE | $0.00 N/A |
| TRANSFER TAX2 | $0.00 N/A |
| TRANSFER TAX2, CK#, DATE | $0.00 N/A |
| DUE TO SHERIFF NO LATER THAN FIRST MONDAY OF MONTH AFTER SALE | #VALUE! |
| RECEIPTS | |
| DEPOSIT AMOUNT | $500.00 |
| DEPOSIT, R#, DATE | ATTORNEY DEPOSIT, R# 30082, 5/11/06 |
| RECEIPT1 AMOUNT | $0.00 |
| RECEIPT1, R#, DATE | |
| RECEIPT2 AMOUNT | $0.00 |
| RECEIPT2, R#, DATE | |
| RECEIPT3 AMOUNT | $0.00 |
| RECEIPT3, R#, DATE | |
| RECEIPT4 AMOUNT | $0.00 |
| RECEIPT4, R#,DATE | |
| TOTAL RECEIPTS | $500.00 |
| DISBURSEMENTS | $0.00 |
| DISBURSEMENTS1 AMOUNT | $0.00 |
| DISBURSEMENTS1, CK#,DATE | |
| DISBURSEMENTS2 AMOUNT | $0.00 |
| DISBURSEMENTS2, CK#, DATE | |
| DISBURSEMENTS3 AMOUNT | $0.00 |
| DISBURSEMENTS3 CK#,DATE | |
| TOTAL DISBURSEMENTS | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Johnnie M. DuBose, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>Michael Walsh, American Business Credit, )<br>Robert K. Beste, Jr. and Maggie Clausell, )<br>      Defendants. ) | C.A. No. 07-045(***) |

### **CERTIFICATE OF SERVICE**

The undersigned certifies that on the date listed below that the attached brief in support of Michael Walsh to dismiss him and the NCC Sheriff was served as indicated below.

   Johnnie M. DuBose   (U.S. Mail)
   4 Teakwood Lane
   Wilmington, DE  19801

   Robert K. Beste, Jr., Esquire  (By Hand & Electronically)
   1007 N. Orange Street, Suite 1130
   Wilmington, DE  19801

   Paul Cottrell, Esquire  (By  Hand & Electronically)
   704 King Street, Suite 500
   Wilmington, DE 19801

                                                HEIMAN, GOUGE & KAUFMAN, LLP

                                                */s/ Donald L. Gouge, Jr. #2234*
                                                Donald L. Gouge, Jr. (DSB # 2234)
                                                800 King Street, Suite 303
                                                P.O. Box 1674
                                                Wilmington, DE 19801
                                                (302) 658-1800
                                                (302) 658-1473 (fax)
                                                dgouge@hgkde.com

Date:   March 5, 2007