UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Johnnie M. DuBose, ) | |
| ) | C. A. No. 07-45*** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Michael Walsh, New Castle County Sheriff, ) | |
| in his official capacity, American Business ) | |
| Credit Inc., Robert K. Beste, Jr. and Maggie ) | |
| Clausell | |

## DEFENDANTS MICHAEL WALSH AND NEW CASTLE COUNTY'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Defendant Michael Walsh, in his official capacity as Sheriff of New Castle County and New Castle County by and through their attorney, respectfully respond to Plaintiff's Motion For Default Judgment. The grounds for this Response are set forth in the Response Brief, which is filed separately.

/s/ Michele D. Allen
Michele D. Allen, (I.D. No. 4359)
Assistant County Attorney
New Castle County Law Department
87 Reads Way
New Castle, Delaware 19720
(302) 395-5130
*Attorney for Defendants Michael Walsh and New Castle County*

Dated: March 20, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Johnnie M. DuBose, ) | |
| ) | C. A. No. 07-45*** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Michael Walsh, New Castle County Sheriff, ) | |
| in his official capacity, American Business ) | |
| Credit Inc., Robert K. Beste, Jr. and Maggie ) | |
| Clausell | |

## DEFENDANTS MICHAEL WALSH AND NEW CASTLE COUNTY'S RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

/s/ Michele D. Allen
Michele D. Allen, (I.D. No. 4359)
Assistant County Attorney
New Castle County Law Department
87 Reads Way
New Castle, Delaware 19720
(302) 395-5130
*Attorney for Defendants Michael Walsh and New Castle County*

Dated: March 20, 2007

I. **NATURE AND STAGE OF PROCEEDINGS**

The Complaint in this matter was filed on January 23, 2007. Defendants, Michael Walsh (hereinafter "Walsh") and New Castle County (hereinafter "the County") initially filed a Motion to Dismiss on March 5, 2007 and additionally filed a Motion to Supplement and a supplemental Motion to Dismiss on March 13, 2007. Plaintiff filed a Motion for Default Judgment on March 15, 2007.

II. **SUMMARY OF ARGUMENT**

Plaintiff's Motion for Default Judgment should be denied. Plaintiff has failed to demonstrate the three factors established to grant a default judgment against the defendants.

III. **STATEMENT OF FACTS**

The Complaint in this matter was filed on January 23, 2007. Answering defendants filed a Motion to Dismiss on March 5, 2007 and on March 13, 2007 filed a Motion to Supplement together with a supplemental Motion to Dismiss. Plaintiff filed a Motion for Default Judgment on March 15, 2007. As stated in the Motion to Supplement there was confusion as to representation. On January 24, 2007 the complaint was served upon New Castle County while undersigned counsel was out of the office on maternity leave. Upon the return of undersigned counsel to the office on February 6, 2007, it was determined that Donald L. Gouge, Jr., Esquire would represent defendants. Mr. Gouge represents the Sheriff's Department in other matters such as sheriff sales. Mr. Gouge then filed his appearance and a Motion to Dismiss on March 5, 2007. Subsequently, it was later determined that the New Castle County Law Department would represent answering defendants. As a result, the matter was assigned to undersigned counsel who in turn filed a Motion to Supplement together with a supplemental Motion to Dismiss on

March 15, 2007. Due to the confusion over representation answering defendants did file their responsive pleading outside of the responsive pleading due date.

**IV.    LEGAL ARGUMENT**

**Plaintiff Has Failed To Establish Grounds For Being Granted a Default Judgment.**

This Court has continually ruled that granting a default judgment is a drastic sanction. *Poulis v. State Farm Fire and Casualty*, 747 F.2d 863, 867-868 (3d Cir. 1984). Before granting a motion for default judgment the Court should consider three factors, which are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense and (3) whether defendant's delay is due to culpable conduct." *Hurst v. City of Rehoboth Beach*, 2005 WL 823867 *2 (D.Del.) *citing Chamberlain v. Giampapa*, 210 F.2d 154, 164 (3d Cir. 2000).

None of the factors listed above weigh in favor of granting Plaintiff's motion for default judgment. Plaintiff has failed to assert any prejudice against him if the motion for default judgment is denied. Secondly, the answering defendants have stated several meritorious defenses in their Motions to Dismiss, including but, not limited to the fact that the claim against defendant Walsh is barred by the Eleventh Amendment and the Complaint fails to state a claim upon which relief can be granted against either of the answering defendants. *See* (Defendants' Motions to Dismiss (D.I. 14-18)). Lastly, Plaintiff has failed to show that the actions of the answering defendants in filing outside of the responsive pleading due date were due to culpable conduct. As stated *supra* answering defendants responsive pleadings were filed untimely, however the actions of defense counsel were not "taken willfully or in bad faith." *Hurst*, 2005 WL 823867 at *2 (D.Del.). Furthermore, the Third Circuit has "repeatedly stated [its]

2

preference that cases be disposed of on the merits whenever practicable." *Id.* at *2 *quoting Jorden v. National Guard Bureau*, 877 F.2d 245, 251 (3d Cir.1989).

## V.   CONCLUSION

It is respectfully submitted that, based upon the foregoing reasons and authority, the Plaintiff's Motion for Default Judgment be denied.

Respectfully submitted,

/s/   Michele D. Allen
Michele D. Allen, (I.D. No. 4359)
Assistant County Attorney
New Castle County Law Department
87 Reads Way
New Castle, DE 19720
Tel: (302)395-5130
*Attorney for Defendants Michael A. Walsh and New Castle County*

DATE: March 20, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Johnnie M. DuBose, | ) | |
| | ) | C. A. No. 07-45*** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Michael Walsh, New Castle County Sheriff, in his official capacity, American Business Credit Inc., Robert K. Beste, Jr. and Maggie Clausell | ) ) ) ) | |

### ORDER

AND NOW this _____ day of _____, 2007, it is hereby ORDERED AND DECREED that Plaintiff Johnnie M. DuBose's Motion for Default Judgment is **DENIED**.

_____
J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Johnnie M. DuBose, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> Michael Walsh, New Castle County Sheriff, ) <br> in his official capacity, American Business ) <br> Credit Inc., Robert K. Beste, Jr. and Maggie ) <br> Clausell | C. A. No. 07-45*** |

## CERTIFICATE OF SERVICE

I, Michele D. Allen, Assistant County Attorney hereby certify that on March 20, 2007, I sent copies via U.S. Mail postage prepaid to *Pro se* plaintiff as follows as well as electronically filed the foregoing "Defendants Michael Walsh and New Castle county's Response to Plaintiff's Motion for Default Judgment" with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Johnnie DuBose
4 Teakwood Lane
Wilmington, DE 19801

Donald L. Gouge, Jr., Esquire
Heiman, Gouge & Kaufman, LLP
P.O. Box 1674
Wilmington, DE 19899

Robert K. Beste, Jr., Esq.
Cohen, Seglias, Pallas, Greehnill & Furman, P.C.
Nemours Building, Suite 1130
1007 Orange Street, Wilmington, DE 19801

Paul Cottrell, Esquire
Tigh & Cottrell, P.A.
704 King Street, Box 1031
1 Customs House
Wilmington, DE 19899

      /s/   *Michele D. Allen*
MICHELE D. ALLEN,
Assistant County Attorney
(Delaware Bar No. 4359)
New Castle County Law Department
87 Reads Way
New Castle, DE 19720
Telephone: (302)395-5130
*Attorney for Defendants Michael Walsh and New Castle County*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Johnnie M. DuBose, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>Michael Walsh, New Castle County Sheriff, )<br>in his official capacity, American Business )<br>Credit Inc., Robert K. Beste, Jr. and Maggie )<br>Clausell | C. A. No. 07-45*** |

# **UNREPORTED CASE(S)**

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2005 WL 823867 (D.Del.)  
(Cite as: 2005 WL 823867 (D.Del.))

Page 1

**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,  
D. Delaware.  
Jerry A. HURST, pro se, Plaintiff,  
v.  
CITY OF REHOBOTH BEACH, et al.,  
Defendants.  
No. Civ.A. 03-362-KAJ.

March 31, 2005.  
Jerry A. Hurst, Arlington, Virginia, pro se.

Colin M Shalk, Casarino, Christman & Shalk, P.A., Wilmington, Delaware, for defendants City of Rehoboth Beach and Walter Speakman.

Kevin J. Connors, and Thomas J. Gerard, Marshall, Dennehey, Warner, Coleman & Groggin, Wilmington, Delaware, for defendants Keith Banks, Paul Parsons, Jaime Riddle, Michael Armstrong, Collette Sutherland, Bonnie Ladd, Eric Glasco, Nicole Reynolds, John Bushey, and Frances Bucci.

Roger D. Landon, Murphy, Spadaro & Landon, Wilmington, Delaware, for defendant John Wothers.

Roger D. Landon, Murphy, Spadaro & Landon, Wilmington, Delaware, and Philip Thomas Edwards, Philip Thomas Edwards, Wilmington, Delaware, for defendant Tammie Morrison.

Bruce C. Herron, Akin & Herron, P.A., Wilmington, Delaware, for defendants Sussex County, R.N. Whittle, Dr. Burns, Two Unknown Correctional Officers, P. Harrison, B.A. Gunter, M.D., and Hubert Pey.

Bruce C. Herron, Akin & Herron, P.A., Wilmington, Delaware, and Stuart B. Drowos, Department of Justice, Wilmington, Delaware, for defendants Sussex Correctional Institution and Rick Kearney.

Louis J. Rizzo, Jr., Reger & Rizzo, LLP, Wilmington, Delaware, for defendants Atlantic Sands Hotel and Conference Center, Rick Perez, and Sean Miller.

MEMORANDUM OPINION

JORDAN, J.

I. INTRODUCTION

*1 This is an action in which plaintiff Jerry A. Hurst ("Plaintiff") asserts violations of constitutional rights and statutory rights under 18 U.S.C. § 242 and 42 U.S.C. § 1983, and various state rights [FN1] against numerous defendants. [FN2] (*See* Docket Item ["D.I."] 1.) Presently before me are four motions filed by Plaintiff and ten motions filed by defendants. The motions filed by Plaintiff include: a Request for Default and Motion for Default Judgment (D.I.64); a Motion for Leave to Proceed *in forma pauperis* (D.I.92); a Motion for Miscellaneous Relief (D.I.96); and a Motion to Amend Complaint (D.I.101). The motions filed by the defendants include: a Motion to Dismiss (D.I.8) filed by Sussex County and Rick Kearney, R.N. Whittle, Dr. Burns, two unknown correctional officers, P. Harrison, B.A. Gunther, M.D., and Hubert Pey (collectively, "the Sussex County Defendants") in their official capacities "as employees or otherwise" with Sussex County; a Motion to Dismiss (D.I.9) filed by Walter Speakman ("Speakman"); a Motion for a More Definite Statement (D.I.10) filed by Speakman; a Motion to Dismiss (D.I.20) filed by Keith Banks ("Banks"), Collette Sutherland ("Sutherland"), Bonnie Ladd ("Ladd"), Eric Glasco ("Glasco"), Nicole Reynolds ("Reynolds"), John Bushey ("Bushey"), and Frances Bucci ("Bucci"); a Motion to Dismiss (D.I.58) filed by John Wothers ("Wothers"); a Motion to Strike and/or Motion for Relief from Judgment (D.I.67) filed by Sands, Inc. t/a Atlantic Sands Hotel and Conference Center (the "Sands"), Rick Perez, and Sean Miller (collectively, "the Sands Defendants"); a Motion to Dismiss (D.I.82) filed by the Sands Defendants; a Motion for Joinder of Tammie Morrison ("Morrison") in the City of Rehoboth's Response to Plaintiff's Motion of December 27, 2004 [FN3] (D.I.115); a Motion for Joinder of Glasco, Banks, Paul Parsons ("Parsons"), Jaime Riddle ("Riddle"), Michael Armstrong ("Armstrong"), Sutherland, Ladd, Reynolds, Bushey, and Bucci in the Response filed by the City of Rehoboth to Plaintiff's Motion of December 27, 2004 (D.I.116); and a Motion for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Joinder of Rick Kearney and Sussex Correctional Institution ("SCI") in the Response filed by the City of Rehoboth to Plaintiff's Motion of December 27, 2004 (D.I.117).

> FN1. Specifically, Plaintiff alleges violations of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, conspiracy to violate 18 U.S.C. § 242 while acting under the color of law, intentional infliction of emotional distress, negligent training and supervision, malicious abuse of process, false arrest, false imprisonment, denial of medical treatment, and various state law violations, including breach of contract, invasion of privacy, false arrest and imprisonment, assault and battery, malicious prosecution, abuse of process, negligence, and gross negligence. (Docket Item ["D.I."] 1 at 13-17.)

> FN2. Specifically, Plaintiff has named 25 defendants, including the City of Rehoboth Beach; 10 police officers for the City of Rehoboth Beach: Banks, Parsons, Riddle, Armstrong, Sutherland, Ladd, Glasco, Reynolds, Bushey, and Bucci; two E.M.T.'s for the City of Rehoboth Beach: Wothers and Morrison; the City Solicitor for the City of Rehoboth Beach: Walter Speakman; Sussex County; Sussex Correctional Institution ("SCI"); 7 alleged employees of Sussex County and/or SCI: Kearney, R.N. Whittle, Dr. Burns, two unknown correctional officers, P. Harrison, B.A. Gunter, M.D., and Hubert Pey; and the Atlantic Sands Hotel and Conference Center and two employees, Sean Miller and Rick Perez. (D.I. 1, Complaint Caption.)

> FN3. Although D.I. 115, 116, and 117 refer to Plaintiff's motion of December 27, 2004, I understand them to be directed to the City of Rehoboth's response (D.I.114) to Plaintiff's motion to amend his complaint (D.I.101), and Plaintiff's subsequent response (D.I.113) dated December 27, 2004, but actually filed on December 29, 2004.

Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons set forth, Plaintiff's Request for Default and Motion for Default Judgment (D.I.64) will be denied; Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D.I.92) will be denied as moot; Plaintiff's Motion for Miscellaneous Relief (D.I.96) will be denied; and Plaintiff's Motion to Amend the Complaint (D.I.101) will be denied. Further, Sussex County and the Sussex County Defendants' Motion to Dismiss (D.I.8) will be granted; Speakman's Motion to Dismiss (D.I.9) will be granted; Speakman's Motion for a More Definite Statement (D.I.10) will be denied as moot; defendants Banks, Sutherland, Ladd, Glasco, Reynolds, Bushey, and Bucci's Motion to Dismiss (D.I.20) will be granted; defendant Wothers' Motion to Dismiss (D.I.58) will be granted; the Sands Defendants' Motion to Dismiss (D.I.82) will be granted; the Sands Defendants' Motion to Strike and/or Motion for Relief from Judgment (D.I.67) will be denied as moot; and the Motions for Joinder (D.I.115, 116, 117) will be denied as moot.

II. BACKGROUND [FN4]

> FN4. The following rendition of background information does not constitute findings of fact and is cast in the light most favorable to the non-moving party.

*2 On April 9, 2001, Plaintiff telephoned the Rehoboth Beach Police Department via 911 on two separate occasions. (D.I. 9 at 1.) On the first occasion, he requested a massage, and upon responding to his call, the police advised him not to use 911 for nonsense complaints. (D.I. 9 at 1.) Plaintiff then called 911 a second time, this time requesting ambulance transportation. (*Id.;* D.I. 1 at 9.) When the police responded to Plaintiff's second call, Plaintiff refused to open the door to his hotel room at the Sands. (D.I. 1 at 8.) Plaintiff asserts that he told the responding officers, Parsons, Riddle, and Armstrong, that he was fine, that he didn't want their services, and that they should leave despite his calling 911. (*Id.*) Plaintiff alleges that the police officers then gained entry to his room by obtaining a key from the hotel clerk, Miller. (*Id.*) At this point, Plaintiff asserts that he was handcuffed, sprayed with pepperspray, and arrested. [FN5] (*Id.* at 7-9.) Plaintiff alleges that he was "repeatedly smashed against the police car" by Parsons. (*Id.* at 8.) He was then taken before a local magistrate and then to a hospital where he was allegedly treated for eye and other injuries and given prescription medicine. [FN6] (*Id.* at 10.) Subsequently, he was transported to Sussex Correctional Institution ("SCI") and incarcerated there for approximately 24 hours. (*Id.* at 11.)

> FN5. Defendant Speakman asserts that upon the officers entering Plaintiff's hotel room, Plaintiff became "disorderly, aggressive and eventually violent," and was thus arrested. (D.I. 9 at 1.)

> FN6. Because Plaintiff's complaint does not set forth events in strictly chronological order, it is

unclear whether he was taken before the magistrate before being taken to the hospital, or vice versa.

Plaintiff asserts various allegations of wrongdoing against correctional officers identified only as "John Doe I" through "John Doe X." (*See id.* at 11-12A.) At SCI, Plaintiff alleges that he was beaten, denied proper food and water, and subjected to an involuntary taking of his blood and injection of "tuburculin." (*Id.* at 11.) Plaintiff alleges that he was subsequently ordered released "to the street" at approximately 9:30 p.m. on April 9, 2001, but was not actually released until four or five hours later. (*Id.* at 12.) During that time, Plaintiff asserts that he was forced to march, in the rain, back and forth between two buildings while passing close to a "vicious German shepard attack dog who barked and lunged" at him. (*Id.*) Upon release, Plaintiff asserts that John Doe IV refused to return his personal items, including his jacket, money, wallet, credit cards, keys and prescription medicine. (*Id.*) Eventually, Plaintiff went to the Rehoboth Beach Police Department where his personal items were returned to him by Sgt. Sutherland. (*Id.* at 12A.)

III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a court to accept as true all material allegations of the complaint. *See Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir.1998) (internal citation omitted). "A complaint should be dismissed only if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations of the complaint." *Id.* (internal citation omitted). The moving party has the burden of persuasion. *See Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991).

IV. DISCUSSION

A. *Plaintiff's Motions*

1. Request for Default and Motion for Default Judgment

*3 The Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Jorden v. National Guard Bureau,* 877 F.2d 245, 251 (3d Cir.1989) (quoting *Hritz v. Woma,* 732 F.2d 1178, 1180-81 (3d Cir.1984)) (other internal citation omitted). The decision to deny a motion for default judgment lies within the discretion of the district court. *See Jorden,* 877 F.2d at 250-251 (the decision to deny a motion for default judgment is reviewed under an abuse of discretion standard) (internal citations omitted); *Chamberlain v. Giampapa,* 210 F.3d 154, 164 (3d Cir.2000) (noting the same standard of appellate review). In deciding whether to grant a motion for default judgment, a court should consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain,* 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 195 (3d Cir.1984)). Plaintiff has filed a request for default and motion for default judgment against Morrison, the Sands Defendants, R.N. Whittle, and Dr. Burns (D.I. 64 at 1-2.) In denying Plaintiff's request and motion, I first note that he has not alleged any prejudice if default is denied. Second, each defendant has a litigable defense. Specifically, as discussed *infra* Parts IV.B.1. and IV.B.5., Plaintiff's complaint against the Sands Defendants, R.N. Whittle, and Dr. Burns will be dismissed. Further, Morrison has filed an answer to Plaintiff's complaint raising litigable affirmative defenses, such as qualified immunity and statutory bars. (*See* D.I. 57, Affirmative Defenses.) Third, Plaintiff has not asserted that any delay in responding to his complaint was due to culpable conduct, "which in the Third Circuit is conduct that is 'taken willfully or in bad faith." ' *Chamberlain,* 210 F.3d at 164 (quoting *Gross v. Stereo Component Sys., Inc.,* 700 F.2d 120, 124 (3d Cir.1983)). Thus, Plaintiff's request and motion for default judgment (D.I.64) will be denied.

2. Motion for Leave to Proceed *in forma pauperis*

Plaintiff has filed a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (D.I.92). Plaintiff, however, paid the filing fee in full on April 9, 2003, executed summonses for each defendant, with the exception of Wothers, and each defendant has been served pursuant to Federal Rule of Civil Procedure 4. The paid filing fee cannot properly be refunded to Plaintiff, and, therefore, Plaintiff's motion is moot.

3. Motion for Miscellaneous Relief

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Plaintiff filed what he claims is a "demand" for $384.00 from sixteen of the named defendants [FN7] and a for Rule 4 evidentiary hearing for "direct rule 4 costs including [what he calls] extraordinary and extensive interstate 'effecting service' requiring rental cars, lodging, food, professional and non-professional services, [and] countless trips and investigations regarding ... defendants with changing addresses and employment." (D.I. 96 at 3.) I consider Plaintiff's "demand" to be a motion under Federal Rule of Civil Procedure 4 for costs relating to effecting service upon those defendants.

> FN7. Plaintiff has named the following defendants: Banks, Parsons, Riddle, Armstrong, Sutherland, Ladd, Glasco, Reynolds, Bushey, Bucci, Wothers, Morrison, Kearney, and the Sands Defendants. (D.I. 96 at 3.)

*4 Because Plaintiff has not provided any supporting documentation to establish the "extraordinary and extensive" measures to affect service, nor directly related any of these alleged costs to the particular defendants named in his motion, I must deny Plaintiff's motion at this time.

4. Motion to Amend Complaint

Plaintiff filed a motion to amend his complaint (D.I.101) due to what he alleges is illegally withheld evidence. All motions, including a proper request for leave to amend a complaint, must "state with particularity the grounds therefor." Fed.R.Civ.P. 7(b). Although submitting a copy of the proposed amended complaint is not an absolute prerequisite to granting such a motion, when, as in this case, the court does not know precisely what Plaintiff intends to allege in his amended complaint, it is appropriate to deny such request. *See Lempert v. Singer,* 766 F.Supp. 1356, 1360 (D.V.I.1991) (denying plaintiff's motion for leave to amend complaint). In this case, the content of Plaintiff's proposed amendments is entirely unclear from his motion. Thus, I must deny his present request to amend.

B. *Defendants' Motions*

1. Sussex County Defendants' Motion to Dismiss

Sussex County, along with the Sussex County Defendants in their official capacities as "employees or otherwise" with Sussex County, have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I.8.) Plaintiff's claim against Sussex County is based on his assertion in paragraph 10 of his complaint that SCI "is a public institution organized, operated, governed, funded and/or existing under the laws of Sussex County and/or the State of Delaware, which institution at all times relevant employed the defendant personnel of said institution." (D.I. 1 at ¶ 10.)

It is undisputed that Sussex County is a State facility and that Sussex County does not operate SCI, nor have any interest in the facility. (D.I. 8 at ¶ 2 (citing Affidavit of Robert L. Stickles, July 15, 2003, D.I. 8, Ex. B.)) Furthermore, Sussex County does not employ any of the individuals listed on this motion or any correctional officers. (*Id.* (citing Affidavit of Robert L. Stickles, July 15, 2003, D.I. 8, Ex. B at ¶¶ 3-4.)) Based on the uncontested affidavit, even under the more lenient standard afforded pro se litigants, I must dismiss Plaintiff's complaint against Sussex County, and the so-called Sussex County Defendants in their official capacities as "employees or otherwise" with Sussex County . [FN8]

> FN8. If these individual defendants are in fact state employees being sued in their official capacity, then § 1983 does not provide for the remedy Plaintiff seeks, namely compensatory and punitive damages, because the suit is then effectively against the state, which is not a "person" subject to liability under § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Furthermore, 18 U.S.C. § 242, which is also cited by Plaintiff, is a criminal statute and does not provide a private cause of action.

Additionally, because the complaint does not allege any specific facts relating to Sussex County or the Sussex County Defendants, I will *sua sponte* dismiss plaintiff's complaint against them in their individual capacities. [FN9]

> FN9. I note that Kearney has submitted a Memorandum of Points and Authorities in Support of Pending Motions to Dismiss (D.I.110) in which he joined D.I. 8, 9, 20, 58, and 82. Thus, because the complaint does not allege specific facts against Kearney, Plaintiff's complaint against him must be dismissed, as noted *supra* Part IV.B.1.

2. Speakman's Motion to Dismiss

Not Reported in F.Supp.2d
(Cite as: 2005 WL 823867, *4 (D.Del.))

Page 5

Defendant Speakman filed a motion to dismiss for failure to state a claim upon which relief may be granted (D.I.9) pursuant to Fed.R.Civ.P. 12(b)(6). Again, the caption of Plaintiff's complaint includes Speakman in his individual and official capacity as City Solicitor for the City of Rehoboth Beach, but does not allege any specific factual allegations against him in either capacity. Thus, even under the more lenient standard for pro se litigants, I must dismiss Plaintiff's complaint against Speakman in both his individual and official capacity because Plaintiff has not alleged any facts in support of his claim that would entitle him to relief. [FN10]

> FN10. Because I will grant Speakman's motion to dismiss (D.I.9), his motion for a more definite statement (D.I.10) is moot.

3. Motion to Dismiss by Banks, Sutherland, Ladd, Glasco, Reynolds, Bushey and Bucci

*5 The defendants listed above have filed a motion to dismiss (D.I.20) pursuant to Rule 12(b)(6). Plaintiff names each of these defendants in their individual and official capacities as police officers for the City of Rehoboth Beach in the caption of his complaint. (D.I. 1 at 1.) Yet, Plaintiff does not allege any specific factual allegations against any of these defendants in either capacity. [FN11] Thus, I must dismiss Plaintiff's complaint against these defendants in both their individual and official capacities because Plaintiff has failed to allege any facts to support any claim that he may have against them.

> FN11. In fact, the only mention of any of these defendants is in paragraph 35 of Plaintiff's complaint, where he merely notes that "Sutherland returned [his] property" after his release. (D.I. 1 at ¶ 35.) This lone fact does not support any of the claims brought by Plaintiff in this action upon which any relief could be granted.

4. Motion to Dismiss by Wothers

Wothers has filed a motion to dismiss (D.I.58) for failure of service. By Order dated August 26, 2003, I ordered Plaintiff to complete service of process and file returns of service with the Court by October 10, 2003. (D.I.33) Based on the record, Wothers has still not been served, even a year and half after the expiration of my October 10, 2003 deadline. [FN12] Thus, I must grant Wothers motion to dismiss.

> FN12. Although Plaintiff asserts that Wothers has evaded service, Plaintiff offers nothing in support of such an assertion except the vague and unsupported assertion that Wothers somehow arranged with his co-workers to evade service. (D.I. 60 at ¶ 7.) Additionally, in Plaintiff's letter brief requesting an extension of time to serve (D.I.60), he asks for a "few days extension ... to immediately effect service on Mr. Wothers' counsel of record herein." (*Id.* at ¶ 11.) Yet, there is no record that, even after a year and half later, Plaintiff has done so.

5. Motion to Dismiss by the Sands Defendants

The Sands Defendants have filed a motion to dismiss (D.I.82) pursuant to Rule 12(b)(6). [FN13] In support of their motion, the Sands Defendants assert that Plaintiff's constitutional claims and claims based upon 42 U.S.C. § 1983 and 18 U.S.C. § 242 must be dismissed because they are "private sector employees and entities, and thus [were] not operating 'under color of law." ' (D.I. 82 at ¶ 7.) Plaintiff's complaint names each of the Sands Defendants "individually and in their official capacities as employees of the Atlantic Sands Hotel and Conference Center." (D.I. 1, Complaint Caption.)

> FN13. These defendants have also filed a Motion to Strike and/or Motion for Relief from Judgment (D.I.67). Because Plaintiff's Motion for Default Judgment will be denied, see *supra* Part IV.A.1., I do not need to reach this motion and thus consider it moot.

"[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of § 1983." *Abbott v. Latshaw,* 164 F.3d 141, 147-48 (3d Cir.1998), *cert. denied,* 527 U.S. 1035 (1999) (internal citations omitted). The Third Circuit has endorsed the Seventh Circuit's approach to determine whether a complaint alleges the prerequisites of a civil conspiracy. *See Melo v. Hafer,* 912 F.2d 628, 638 n. 11 (3d Cir.1990) (citing *Hampton v. Hanrahan,* 600 F.2d 600, 620-21 (7th Cir.1979), *rev'd in part on other grounds,* 446 U.S. 754 (1980)), *aff'd,* 502 U.S. 21 (1991). "A civil conspiracy is a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." ' *Hampton,* 600 F.2d at 600-621 (internal quotations omitted). In *Abbott,* the Third Circuit reversed a district court's *sua sponte* dismissal of the plaintiff's complaint for failure to allege such a conspiracy. *Abbott,* 164 F.3d at 148. The basis for the reversal was that the plaintiff had alleged in his complaint that the state official acted "at the instance and request of [the private party defendant]" and that the private party defendant was thus "acting under color of state law." *Id.*

*6 In the instant case, however, the facts are quite different. The only factual grounds alleged in the complaint against the Sands Defendants are the turning over of the Plaintiff's room key to the police, and the police defendants' failure to interview Sean Miller, the hotel clerk. (See D.I. 1 at ¶¶ 21, 24.) First, Plaintiff admits that he called 911 twice, the second time, to request an ambulance. (D.I. 1 at 9.) Second, Plaintiff recognizes that the police only arrived at his hotel room in response to his 911 call. (*Id.*) Third, it was only after Plaintiff refused to open the door to his room as requested by the police, that the police, in response to Plaintiff's emergency call, "obtain[ed] the key from the hotel clerk." (*Id.* at 8.) Plaintiff thus acknowledges that, unlike the facts in *Abbott,* the police were acting in response to a request made by Plaintiff, not the private party Sands Defendants. Further, the hotel clerk's turning over the key to Plaintiff's room was in response to a law enforcement request based on Plaintiff's 911 phone call claiming an emergency. This can in no way be considered an action implying any type of conspiracy. Thus, this is precisely a case in which the complaint contains conclusory allegations of concerted action, as asserted in Count IV of Plaintiff's complaint, but is devoid of facts actually reflecting joint action. *See Abbott,* 164 F.3d at 148 (citing *Fries v. Helsper,* 146 F.3d 452, 458 (7th Cir.1998), *cert. denied,* 525 U.S. 930 (1998) (affirming dismissal of complaint where plaintiff "included only accusations and conclusory allegations that the defendants conspired")). Accordingly, because Plaintiff's complaint does not contain sufficient facts to support a conspiracy allegation, I will grant the Sands Defendants' motion to dismiss.

Additionally, Plaintiff has asserted various state law claims against the numerous defendants in this case. The only state law claim that Plaintiff states is applicable specifically to the Sands Defendants is for breach of contract, based on the rental agreement for the hotel room rented by Plaintiff. [FN14] (D.I. 1 at ¶ 59.) Plaintiff, however, has not attached a copy of a rental agreement contract, nor provided any facts upon which such an asserted breach could possibly be found. Thus, Plaintiff fails to state a claim under which relief could be granted against the Sands Defendants.

> FN14. There are no other facts alleged in Plaintiff's complaint upon which relief could be granted based on the other asserted state law claims, even assuming Plaintiff intended to assert them against the Sands Defendants.

6. Motions for Joinder

In D.I. 115, 116, and 117 various defendants have submitted unopposed motions to join the City of Rehoboth Beach's Response to Plaintiff's Motion of December 27, 2004 (D.I.114), in which the City of Rehoboth essentially objects to Plaintiff's request for leave to amend his complaint. Because I have denied Plaintiff's motion to amend, I will deny these motions as moot, in so far as the specifically denied motion to amend is concerned.

V. CONCLUSION

Accordingly, Plaintiff's Request for Default and Motion for Default Judgment (D.I.64) will be denied; Plaintiff's Motion for Leave to Proceed *in forma pauperis* (D.I.92) will be denied as moot; Plaintiff's Motion for Miscellaneous Relief (D.I.96) will be denied; and Plaintiff's Motion to Amend the Complaint (D.I.101) will be denied. Further, Sussex County and the Sussex County Defendants' Motion to Dismiss (D.I.8) will be granted; Speakman's Motion to Dismiss (D.I.9) will be granted; Speakman's Motion for a More Definite Statement (D.I.10) will be denied as moot; defendants Banks, Sutherland, Ladd, Glasco, Reynolds, Bushey, and Bucci's Motion to Dismiss (D.I.20) will be granted; defendant Wothers' Motion to Dismiss (D.I.58) will be granted; the Sands Defendants' Motion to Dismiss (D.I.82) will be granted; the Sands Defendants' Motion to Strike and/or Motion for Relief from Judgment (D.I.67) will be denied as moot; and the Motions for Joinder (D.I.115, 116, 117) will be denied as moot. An

Not Reported in F.Supp.2d  
(Cite as: **2005 WL 823867, *6 (D.Del.)**)

Page 7

appropriate order will follow.

Not Reported in F.Supp.2d, 2005 WL 823867 (D.Del.)

Motions, Pleadings and Filings (Back to top)

. 1:03CV00362 (Docket) (Apr. 09, 2003)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.