# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHNNIE M. DuBOSE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | CIVIL ACTION NO.07-45SLR |
| | : | |
| MICHAEL WALSH, IN HIS OFFICAL | : | |
| CAPACITY AS NEW CASTLE COUNTY | : | |
| AMERICAN BUSINESS CREDIT (ABC) | : | |
| SHERIFF ROBERT K. BESTE, JR. ESQ. | : | |
| MAGGIE CLAUSELL ESQ., | : | |
| | : | |
| Defendants. | : | |

Answering Brief of Plaintiff in support of his opposition to Defendant Motion to Dismiss.

Motion to Supplement Motion to Dismiss, Motion to Joinder in the alternative plaintiff

Cross Motion for Summary Judgment

Date 3/12/08

Johnnie DuBose Pro Se
4 Teakwood Lane
Wilmington, DE 198010

# TABLE OF CONTENTS

TABLE OF CASES/CITATIONS.............................................................................................2

I STATEMENT OF FACTS................................................................................................3

II. NATURE AND STAGE OF PROCEEDING...................................................................5

III. LEGAL ARGUMENT...................................................................................................6

    A. .Standard of Review...................................................................................................6

    B. ...Plaintiff properly alleges violations of 42 U.S.C; 1983, 1985, 1986 as to all
    defendants and therefore the court does have jurisdiction over this matter    6

    C. .The complaint properly states a claim for relief under 42, U.S.C ; 1983
    D. .Allegations of conspiracy are properly alleged as required by ; 1985    6

    E...The complaint does state a claim under ; 1986    6

IV. CONCLUSION    7

V. CROSS MOTION FOR SUMMARY JUDGEMENT....................................................8

VI. ATTACHMENTS.........................................................................................................9

# TABLE OF CASES AND CITATIONS

CASES

Youngblood v West Virginia (Stare Decisis)

Spence v Funk.., 396 A 2d 967, 968 (1978)

Hawes v Kerner, 404 US 519, 92 S.CT 594, 2 L. ED 652 (1972)

Tower v Glover, 467 US 914, 104 3. CT 2820, 81 L. ED 2d 758 (1984)

42 U.S.C 1983, 1985, 1986

FRCP 7(b)

FRCP 12

FRCP 56 (1)

Matsushita Elec. Indus. Co v Zenith Radio Cord 475 U.S. 574, 586 N 10 (1986)

Horowitz v Fed Kem Der Life Assurance Co., 57 f.3d 300, 302 N 1 (3rd Cir 1995)

Celotex Cor D. v Catrett 477 U.S 317, 322 (1986)

New Haven Ford Partnership v Stroot, 772 A. 2d, 792, 798 (Del 2001)

# STATEMENT OF FACTS
# AFFIDAVIT OF JOHNNIE DuBOSE

1. Johnnie DuBose is a Delaware resident, residing at 4 Teakwood Lane in Wilmington, Delaware.

2. Johnnie DuBose is the record owner of real estate at 725 Bennett Street and 727 Bennett Street, Wilmington Delaware, 1984. Tax Parcel No. 2604400169

3. Johnnie DuBose purchased the above described real estate on October 11, 2005 at a sheriff's sale.

4. All parties with an interest in the real estate were duly noticed.

5. The sale was uncontested.

6. The sale was confirmed by the Superior Court of New Castle County.

7. On November 28, 2005, Johnnie DuBose was issued a deed to the above-captioned real estate.

8. On November 30, 2005 Johnnie DuBose recorded the deed with the New Castle County Recorder of Deeds as instrument 20051130-0122437.

9. American Business Credit, Inc (ABC) and Mr. Beste have no judgment against Johnnie DuBose or interest in the above-described real estate.

10. Johnnie DuBose is the record owner of the property free of any liens, judgments, or other encumbrances.

11. American Business Credit, Inc filed for bankruptcy in the Bankruptcy Court for the District of Delaware, in Case No. 05-10206, on January 21, 2005. The above-described real estate is not nor has not ever been listed as an asset in the case.

12. Mr. Beste states, "Beste represented ABC in the ABC foreclosure, prior to the bankruptcy filing." This would be prior to January 21, 2005.

13. Mr. Beste stipulates that he represented ABC at the Sheriff sale which was held on November 14, 2006. This supports the allegations that Mr. Beste did not have standing to initiate the Sheriff's Sale November 14, 2006.

14. Johnnie DuBose retained the Law of Maggie Clausell, LLC. To represent his interest on May 9, 2006. He paid a retainer in the amount of $1,000.00. Paid Maggie Clausell $600.00 on November 7, 2006 to draft a "Motion to Stay Sheriff Sale" (See Draft Motion). On or about November 7, 2006 Johnnie Dubose was

informed by Maggie Clausell that he would have to represent himself at the hearing; and file the Motion Pro Se'.

15. Mr. Robert Beste, Esq. and Ms. Maggie Clausell, Esq. are both members of the Delaware Bar and officers of the court act "under color of "state law, and engaged in a conspiracy with the New Castle County Sheriff to deprive Johnnie DuBose of Federal rights. i.e. substantive due process and equal protection. Tower vs. Glover, 467 U.S. 914, 104 S. ct 2820, 81 L.ED. 2d 758 (1984).

16. Plaintiff's claims are based on theories of deprivation of federal constitutional rights under 42 U.S.C; 1983 and common law negligence (i.e. malpractice).

17. Plaintiff, Johnnie DuBose is a pro se' complainant through no fault of his own. In applying Federal Rule of Civil Procedure 12 (b) (c). A pro se' complaint, however in artfully pleaded, may be held to a somewhat less stringent technical standard than formal pleadings drafted by lawyers, and it is dismissed for failure to state a claim only if it appears that the plaintiff can prove no set of facts in support of his claim would entitle him relief see. Hawes v. Kerner, 404 U.S. 519, 92 S. Ct 594, 30 L. Ed 652 (1972).

18. For the purpose of judging a motion to dismiss made pursuant to Superior Court Civil Rule R (b) (6), all well pleaded allegations must be accepted as true. Spence v. Funk.., 396 A. 201 967, 9678 (1978). If the plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint, the motion will be denied.

19. Defendant Clausell admits that she "withdrew" plaintiffs "Motion to Vacate Sheriff" the day before scheduled, mandatory hearing in Superior Court, allowing the confirmation of Defendant Beste's Sheriff Sale.

20. Defendant Beste states, "Beste represented ABC in the ABC foreclosure," there is no evidence of a ABC foreclosure. "prior to bankruptcy filing"…there is no evidence that a mortgage note was listed as an asset in the ABC bankruptcy.

21. Defendant Beste admits that he initiated the (November 14, 2006) foreclosure action on behalf of Ocwen Federal Bank, FSB, not American Business Credit, Inc. who he alleges acted as a servicing agent for ABC.

Sword and Subscribed to: this __12__ March __2008__

Notary _Rita D. Weir_

_Johnnie DuBose_

Johnnie DuBose

Rita D. Weir
Notary
Public
My Commission
Expires On
08-21-2009
State of Delaware

## NATURE AND STAGE OF PROCEEDINGS

1. This civil action stems from a proceeding to seize and sale a property owned by Johnnie DuBose. Plaintiff's ownership was pursuant to an order by the Superior Court of Delaware, directing the Sheriff to execute, acknowledge and deliver a deed under his hand and seal conveying the title to said property to Plaintiff, the original owner of the property. County Tax Index Parcel No. 2604410169 Plaintiff is seeking monetary damages and equitable relief against defendants.

2. The Defendants are not immune from suit under Delaware law by reason of 10 Delc; 4001 and Plaintiff has stated a claim under Federal law against them.

3. For the purpose of judging a motion to dismiss made pursuant to Superior Court rule 6B all well pleaded allegations must be accepted as true. Spence v Funk. Del. Supr., 396 A 2d 96.7, 968 (1978). If the Plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint, the motion will be denied. If official immunity to suit would be a ground on which to grant a motion to dismiss, but such motion is not ordinarily granted when an official enjoys only a qualified immunity. ZA Moore's Federal Practice pars.12, 07 (2-5) N22 (1986) citing Schever v Rhodes, 416 U.S. 232, 94 S.CT 1683. 40 L. Ed. 201 90 (1974).

4. A Pro Se complaint, however, in artfully pleaded, may be held to a somewhat less stringent technical standard than formal pleadings drafted by lawyers, and its dismissed for failure to state a claim only if it appears that the plaintiff cam prove no set of facts in support of his claim which would entitle him to relief. See Haines v Kerner, 404 U.S. 519, 92 S. CT 594, 30 L Ed. 201 652 (1972) (applying) Federal Rule of Civil Procedure 12 (b) (6).

5. Plaintiff allegations against Defendants cover the whole course of the Sheriff Sale proceeding leading up to and including the withdrawal of his (former) attorney the day before a mandatory hearing was to hold contesting the Sheriffs' Sale, and confirmation by the Superior Court.

6. Plaintiff's claims are based on theories of deprivation of federal constitutional rights under 42 U.S.C; 1983, 1985 and common law negligence (i.e. malpractice). New Castle County (Sheriff) does act "under color" state law, and the claims are that they engaged in a conspiracy with "officers of the court of the State of Delaware (lawyers) defendants to deprive Plaintiff of federal rights.

7. Plaintiff alleges that Robert Beste Jr. initiated a Sheriff Sale of Plaintiffs property, without standing to do so; and New Castle County Sheriff executed and seized property without warrant, and Maggie Clausell' after representing Plaintiff and receiving compensation to represent his interest at a mandatory hearing contesting the sale, withdrew plaintiff's motion without time to find a replacement and permission.

# **LEGAL ARGUMENTS**

## A. STANDARD OF REVIEW

1. The defendants "Motion to Dismiss," "Supplemental Motion to Dismiss," and "Motion for Joinder" are in violation of the Federal Rule of Civil Procedure; mandated by FRCP (b).

2. Defendants American Business Credit Inc has not plead, nor responded to complaint and summons. Remaining defendants did file a "Motion to Dismiss", however, untimely and in violation of FRCP. Plaintiff did not receive a written notice as required by the rule.

3. Failing to grant Plaintiff Motion for Default Judgment without apply the United States District Court three Standards rule test of : Merit,, Prejudice, and Culpability holding in Youngblood v West Virginia, by the U.S. Supreme Court and Nationwide Insurance Co v Starlight Ballroom, holding in Third Circuit of Appeals decisions. Defendant except ABC, argue that their time was enlarged because of the filing of "Motion to Dismiss" even if it was filed in violation of the rule. The courts ruling on plaintiffs "Motion for Default Judgment" supersedes and cancels out defendant's enlargement of time argument.

## CONCLUSION

Delaware is one of the smallest states in the nation and is home to an estimated 311,000 households. According to the Mortgage Bankers Association, the prime foreclosure rate in Delaware in 2005 was .43; the sub prime rate 3.67. A study by the Reinvestment Fund for the Office of The State Bank Commissioner, "Mortgage Foreclosure Filings in Delaware".

1. "Foreclosure filings are disproportionately concentrated in New Castle County...76% of all foreclosure filing occurred in New Castle County."

2. "Foreclosure filings are concentrated in areas with significantly higher percentages of African-American households and only lightly lower home values. Home appreciation rates and incomes are virtually the same."

3. "Prevent foreclosure schemes...The FBI, which compiles data on mortgage fraud, defines foreclosure schemes as a situation in which "The perpetrator identifies homeowners who are at risk of defaulting on loans or whose houses are already in foreclosure...The perpetrators profit from these schemes by re mortgaging the property or pocketing fees paid by the homeowner."

Contrary to what Mr. Beste, may think, Plaintiff understands that the District Court is not an appeals Court and as such, recognizes that Mr. Beste is highly respected and held in high regard in the legal profession in Delaware. Mr. Beste has been successful in clouding and confusing the issues that have resulted in plaintiff's failure to obtain a review of the facts of this case, based on its merits.

It is clear to plaintiff that the denial of the Motion For Default Judgment, without comment and the letters of communication to the court by Mr. Beste, is an appeal for special treatment and privilege defendant has become accustom to.

Through it all, plaintiff bought a property at a public sheriff sale, uncontested, confirmed by the Superior Court was issued a deed, not subject to any mortgages, liens or encumbrances. ABC, neither Ocwen FSB nor any one else presented to plaintiff any obligation to pay anything. Its unfortunate that the influence Mr. Beste has over the New Castle County, Sheriff and Maggie Clausell...the attorney that was retained to represent my interest...was misled and assumed there was "standing" by Mr. Beste to act; without making certain that the law was being complied with.

## CROSS MOTION FOR SUMMARY JUDGEMENT

In view of the evidentiary materials contained in plaintiff's complaint and attachments to his Motion in Opposition to Defendants motion to Dismiss. Defendant Admissions, pleadings on file, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, "Fed R. Civ P 56 (c).

Defendant Maggie Clausell letter dated January 23, 2007 to Plaintiff admit that she acted with willful wanton negligence when she "withdrew" the Plaintiffs "Motion to Vacate" sheriff sale scheduled for a mandatory hearing in Superior Court December 27, 2006, She then sent plaintiff a letter of "Termination of Representation" January 23, 2007 (1) Defendant owed plaintiff a duty of care, (2) the defendant breached that duty; and (3) the defendants breach was the proximate cause of plaintiffs injury. New Haven Ford Partnership v Stroot, 772 a zol, 795, 798 (Del 2001). Plaintiff relied on defendant on defendants Maggie Clausell and the New Castle County Sheriff to protect his interest from the fraudulent actions of defendant Beste.

Summary Judgment   A decision made on the basis of statements and evidence presented for the Court without a trial ( see defendant Clauusell letter dated January 23, 2007 Termination of Representation).

Issues (Facts) not in dispute:
1. Clausell was legal representative of plaintiff at the time she caused his December 29, 2006 mandatory "Motion to Vacate Sheriff Sale" depriving him of his "day in court". "I called you on Wednesday, January 3, 2007 to inform you that I would be coming to Wilmington on January 5, 2007 and that I wish to meet with you regarding the status of your claims against ABC, Inc. after our withdrawal of the Motion to Vacate the Sheriff Sale that was scheduled to be heard on December 29, 2006". Plaintiff understands the word "Our Withdrawal" to be defined as law office of Maggie Clausell, LLC and Maggie Clausell, Esq. It was not in plaintiff's best interest to withdraw his "Motion to Vacate", as Maggie Clausell informed him that he would have to file the motion Pro Se' ( see Motion to Vacate Sheriff Sale Executed by plaintiff compared to "draft" of "Motion to Vacate prepared by defendant Clausell. Defendant Clausell further states, "As I explained to you, the major hurdle was the issue of laches ( unreasonable delay in filing your claim) since the deed was transferred in 2001. "This contradicts what Clausell stated "under oath" in the "Motion to Vacate Sheriff Sale; that "On November 30, 2005 Johnnie DuBose was issued a deed to the above captioned real estate ("see statement of facts Para 7.

(On page 2 of the Clausell letter).

"I was told you emphatically that I would not draft a complaint which alleged that the Sheriff of the Sheriff's office as a party to a conspiracy or scam to deprive you of your property".

I am deeply sorry that you paid nearly $12,000 in taxes to take a sheriff's deed on the property".

"My primary concern was helping you assess how much more money you were willing to spend chasing property that I believe forever lost to you".
Beste letter dated February 29, 2008 (Para 2) Mr. Beste stipulates, once again, that, "I do not represent American Business Credit," but subsequently as he has consistent by attempt "represent" ABC by "point out that it is believed such entity is or was in bankruptcy, in this District, C.A. NO. 05-10206-MFW".
Plaintiff alleged, which is supported by the docket in the case above that Mr. Beste was 'terminated' 1/03/06 from the bankruptcy case (see docket attached).

## **ATTACHMENTS**

1. Letter from law office of Maggie Clausell, LLC dated January 23, 2007 executed by Maggie Clausell, Esq. to plaintiff Johnnie DuBose "Termination of Representation and Trust Account."
2. Draft of "Motion to Stay Sheriff's Sale" S.CT Johnnie DuBose v American Business Credit, Inc prepared by law office of Maggie Clausell, LLC executed by Maggie Clausell, Esq.
3. U.S. Bankruptcy Court docket #05-10203 MFW dated 1/21/05 page 1,2 Robert Beste, FR "Terminated 01/03/2006.
4. S.Ct Johnnie Dubose v Clive Bey t/a Sunset to Sunset AKA Neville D. Hemley "Petition of No Attempt at Redemption: filed July 25, 2005.
5. Letter: from Robert K Beste, Jr. to Sheriff-New Castle County dated May 9, 2006 "Please stay all (3) of the above referenced sales, scheduled for this morning".
6. S. Ct "Command to sell real estate "issued to Robert Beste, Jr. and executed by "Prothonatary and Deputy" not a superior court judge. Note: ABC had previously sold the note to O'Neill Pierce, who sold the note at Sheriff Sale. Mohammad Mian in good faith purchased the real estate . Now, ABC is once again selling the same parcel, and Mohammad Mian buys it a second time. Mr. Beste received $27,000 on the second transaction.
7. Letter: from Robert E. Bests, Jr. to Hon. Leonard Stark dated February 29.2008 stating "I do not represent American Business Credit, Inc", but attempts to "point out" on behalf of ABC interest.

## CERTIFICATE OF SERVICE

I, hereby certify that on March 12, 2008, I caused to be delivered by hand (2) copies of the attached Answering Brief of Plaintiff in support of his opposition to Defendant Motion to Dismiss. Motion to Supplement Motion to Dismiss, Motion to Joinder in the alternative plaintiff Cross Motion for Summary Judgment.

Robert K. Beste Jr.
Cohen Seglias Pallas Greenhill & Formon
Nemours Building, Suite 1130
1007 Orange Street
Wilmington, Delaware 19801

Paul Cottrell, Tighe & Cottrell, P.A.
704 King Street, Box 1031
1 Customs House
Wilmington, Delaware 19899

Donald L. Gouge, Jr.
Herman, Gouge, & Kaufman, LLP
800 King Street, Suite 303
P.O. Box 1674
Wilmington, Delaware 19899

Laura Thomas Hay
New Castle County Law Department
New Castle Corporate Commons
87 Reads Way
New Castle, Delaware 19720

Megan Sanfrancesco
New Castle, County Law Department
New Castle Corporate Commons
87 Reads Way
New Castle, Delaware 19720

American Business Credit, Inc.
C/o George L. Miller, Chapter 7 Trustee
8 Penn Center, Suite 980
Philadelphia, PA. 19103

Johnnie M. DuBose Pro Se'
4 Teakwood Lane
Wilmington, Delaware 19810
302-656-6838



# Law Office of Maggie Clausell, LLC

9 East Loockerman St., Suite 205, Dover, DE 19901
Direct: 302.678.7644 • Toll Free 888.678.3446 • Fax: 302.678.0771

January 23, 2007

Mr. Johnnie Dubose
4 Teakwood Lane
Wilmington, DE 19810

Dear Mr. Dubose:

RE:   American Business Credit Inc. v. Clive E. Bey, a/k/a Neville D. Hemsley
      Termination of Representation

This letter is written to inform you of the termination of my representation of your
interest in the above-captioned matter.

I called you on Wednesday, January 3, 2007 to inform you that I would be coming to
Wilmington on January 5, 2007, and that I wished to meet with you regarding the status
of your claims against ABC, Inc. after our withdrawal of the Motion to Vacate the Sheriff
Sale that was scheduled to be heard on December 29, 2006.

During that meeting, I planned to lay out all the pros and cons of proceeding in the
Chancery Court action to set aside the deed which conveyed the property at 727
Bennett Street to Mr. Bey.

I tried to explain to you that while I was willing to take the case to Chancery Court for
you, I thought your chances of prevailing were slim.  As I explained to you, the major
hurdle was the issue of laches (unreasonable delay in filing your claim) since the deed
was transferred in 2001.  Based on my research, I am sure you will have to overcome
this defense to any claim you raise to set aside the transaction.

The second issue was how to join Mr. Clive Bey since the Defendants will surely argue
that he is an indispensable party to this action.  If you cannot not join Mr. Bey, the
Defendants will certainly motion to dismiss for failure to join an indispensable party.

When I first inquired about Mr. Bey during the summer of 2006, I was told emphatically
that he had been deported to Jamaica. On January 5, 2007 when I raised the point that
he was an indispensable party and we could not join him, I was told he was
incarcerated in a Delaware Prison. I checked with Department of Corrections Central
Records and the Department is not holding a Clive E. Bey (DOB 5/12/1965). I have no
idea where he is.

Page 2
Mr. Johnnie Dubose
4 Teakwood Lane
Wilmington, DE 19810
RE:    Termination of Representation

I also asked you explain why you failed to pay property taxes on a property you
believed you owned, or at least to make an inquiry as to why you were not being billed.
The Defendants will certainly note that the lack of concern about the property taxes
suggests that you expected someone else to take care of the taxes on the property.

I also raised the issue of paying for forensic handwriting analysis to determine if the
signature on the deed was yours or a forgery.    As you recall, when I asked you about
the signature on the deed, you could not emphatically state that it was not your
signature.  That is why I try to nuance the wording of paragraph 28 of the Motion to
Vacate the Sheriff Sale.

Finally, I asked you to take stock of how much money you had already expended or
loss on the sale of the Bennett property, and to tell me how much more money you were
willing to spend to try to set aside the deed.  You never answered my question except to
say that you wanted a judge to tell you that you had lost your house.  I  tried to explain
to you that it was expensive to file a case in Chancery Court, and that you would need a
handwriting expert to analyze the signature on the deed.

I told you emphatically that I would not draft a complaint which alleged that the Sheriff
or the Sheriff's office was a party to a conspiracy or scam to deprive you of your
property.  I tried to explain to you that the Sheriff's office was under no duty to alert you
to any pre-existing liens or encumbrances on the property.  You are presumed to have
actual or record knowledge of all liens and encumbrances.  I explained to you that the
Delaware Code was very clear on this point,  and I disagreed with your position that the
Sheriff's office was somehow responsible for any loss you had sustained.  At this point,
the possibility was raised that I was a part of "the scam" and that I had deliberately
worked to make sure that you did not exercise your right to prosecute your Motion to
Vacate the Sheriff Sale.  Of course, this is not true.  No one who truly knows me could
ever believe that I was capable of such conduct.  I do not know any of the principals
involved in this case, and have not conspired with anyone to deprive you of any of your
rights.  Instead, I viewed my role as one explaining to you why the odds were stacked
against you in Chancery Court, helping you assess the potential costs of pursuing the
case in Chancery Court, and offering you my best assessment of the likely outcome of
the case.    I am deeply sorry that you paid nearly $12000.00 in taxes to take a sheriff's
deed on the property.  I was not involved in your case when you levied on the property,
but if I were, I certainly would have advised against that course of action and paying
back taxes.  My primary concern was helping you assess how much more money you
were willing to spend chasing property that I believe is forever lost to you.

Page 3
Mr. Johnnie Dubose
4 Teakwood Lane
Wilmington, DE 19810
RE:   Termination of Representation

Our meeting ended with some offensive and derisive comments with respect to my lack
of experience in this area, and a dismissal of my assessment of your case as lacking
gravitas. The comments regarding my legal analysis reflect a lack confidence in my
competence to research the legal issues and apply statutes and case law to the facts of
your case. The accusation that I was involved in the "scam" was offensive and shows
that you doubt my loyalty to you. Therefore, I conclude that it is to our mutual interest
for me to now terminate my representation of your interest in the above-captioned
matter.

I truly regret that this course of action was necessary and that my representation
ended on these terms.

Enclosed please find a check for $377.84 which represents the balance in your
trust account as of January 5, 2007 and a copy of your settlement statement.

Sincerely,

Maggie Clausell, Esq.

# *Law of Maggie Clausell, LLC*

Maggie Clausell, Esq.
9 East Loockerman Street, Suite 205
Dover, DE
19901
Ph:302-678-7644            Fax:302-678-0771

Johnnie Dubose

4 Teakwood Lane
Wilmington, DE
19810

January 23, 2007

|  |  |
|---|---|
| File #: | )6-DUB0103O |

**Attention:**

|  |  |
|---|---|
| Inv #: | Settle |

**RE:**    PREPARE MT. TO STAY SHER. SALE

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|------|-------------|-------|--------|--------|
| Jun-05-06 | For Services Rendered ; advice and counsel, Preparation of stay draft | | 300.00 | MC |
| | | | 0.00 | MC |
| Aug-04-06 | For Services Rendered -research and opinion letter re Bennett street property | | 590.00 | MC |
| | | | 0.00 | MC |
| Nov-07-06 | For Services Rendered - Preparation of mtn; case consult, research, trip to Wilmington | | 600.00 | MC |
| | | | 0.00 | MC |
| | Totals | 0.00 | $1,490.00 | |

**DISBURSEMENTS**

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| Jul-06-06 | | -110.00 |
| | TITLE SEARCH -ATTORNEY TITLE SERVICES | 110.00 |
| | TITLE SEARCH | 110.00 |
| Aug-31-06 | Facsimile Expense /computer use | 16.83 |
| | Facsimile Expense | 5.33 |
| | Totals | $132.16 |

Invoice #:    Settle              Page  2                                    January 23, 2007

### Total Fee & Disbursements for all charges on this matter          $1,622.16

## PAYMENT DETAILS

| | | |
|---|---|---:|
| Jun-05-06 | Payment for invoice: 94 | 300.00 |
| Jul-06-06 | Payment for invoice: 114 | 110.00 |
| Aug-04-06 | Payment for invoice: 120 | 590.00 |
| Nov-07-06 | Payment for invoice: 156 | 622.16 |

**Total Payments**                                                      **$1,622.16**

## TRUST STATEMENT

|  |  | **Disbursements** | **Receipts** |
|---|---|---|---|
| May-09-06 | Received From: Johnnie Dubose | | 1,000.00 |
| | Retainer | | |
| Jun-05-06 | Paid To: Law of Maggie Clausell, LLC | 300.00 | |
| | Payment for invoice: 94 | | |
| Jul-06-06 | Paid To: Law of Maggie Clausell, LLC | 110.00 | |
| | Payment for invoice: 114 | | |
| Aug-04-06 | Paid To: Law of Maggie Clausell, LLC | 590.00 | |
| | Payment for invoice: 120 | | |
| Nov-05-06 | Received From: Johnnie Dubose | | 1,000.00 |
| | Retainer | | |
| Nov-07-06 | Paid To: Law of Maggie Clausell, LLC | 622.16 | |
| | Payment for invoice: 156 | | |
| | **Total Trust** | $1,622.16 | $2,000.00 |
| | **Trust Balance** | | **$377.84** |

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

Johnnie M. DuBose,
    Petitioner,

v.

American Business Credit, Inc.
    Respondent.

\*
\* C.A. No.
\*
\*
\*
\*
\*
\*
\*

DRAFT

## MOTION TO STAY SHERIFF'S SALE

COMES NOW, the Petitioner, Johnnie DuBose, by and through his attorney, Maggie Clausell, Esq., to make the following motion before the Court:

1.    Johhnie DuBose is a Delaware resident, residing at 4 Teakwood Lane in Wilmington, DE.

2.    Johnnie Dubose is the record owner of real estate at 725 Bennett Street and 727 Bennett Street, Wilmington, DE 19801, Tax Parcel No. 2604410169.

3.    American Business Credit, Inc. is a Pennsylvania Corporation, whose registered agent is Wilmington Trust SP Services (Delaware) Inc, doing business at 103 Springer Building, 3411 Silverside Road, Wilmington, DE 19810.

4.    On April 20, 2006 American Business Credit, Inc., through its attorney, Mr. Robert Beste, served notice to Mr. DuBose of a Sheriff sale on May 9, 2006 of the real estate described above as 727 Bennett Street, Wilmington, DE 19801, Tax Parcel No. 2604410169, pursuant to Judgment No. J-21-103 (Lev. Fac. 85) against Clive Bey, a/k/a Neville D. Hemley.

5.    To the best of the Petitioner's information, knowledge and belief, Judgment No. J-21-103 (Lev. Fac. 85) is against Clive Bey, a/k/a Neville D. Hemley.

6.    The May 9, 2006 Sheriff's Sale was stayed.

7.    The Sheriff's Sale of the above described real estate has been rescheduled for
_____.

8.    Mr. DuBose purchased the above-described real estate on October 11, 2005 at a Sheriff's Sale.

9.    All parties with an interest in the real estate were duly noticed (Exhibit B).

10.   The sale was un contested.

11.   The sale was confirmed by the Superior Court of New Castle County.

12.   On November 28, 2005, Petitioner was issued a deed to the above-captioned real estate.

13.   On November 30, 2005, Petitioner recorded the deed with the New Castle Recorder of Deeds as instrument 20051130-0122437.

14.   American Business Credit, Inc. has no judgment against Petitioner or interest in the above-described real estate of the Petitioner.

WHEREFORE NOW, the Petitioner, requests that the Court stay the pending Sheriff's sale as Mr. DuBose is the record owner of the property free of any liens, judgments, or other encumbrances.

LAW OFFICE OF MAGGIE CLAUSELL, LLC

Maggie Clausell, Esq.
Delaware Bar ID #4532
9 East Loockerman Street, Ste. 205
Dover, DE 19901
302-678-7644 (voice)
302-678-0771 (fax)

DATED: _____



2

## U.S. Bankruptcy Court
## District of Delaware (Delaware)
## Bankruptcy Petition #: 05-10203-MFW

*Assigned to:* Mary F. Walrath
Chapter 7
Previous chapter 11
Voluntary
Asset

*Date Filed:* 01/21/2005
*Date Converted:* 05/17/2005

*Debtor*
**American Business Financial Services, Inc., a**
**Delaware Corporation**
The Wanamaker Building
100 Penn Square East
Philadelphia, PA 19107
Tax id: 87-0418807

represented by **Bonnie Glantz Fatell**
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6423
Fax : (302) 425-6464
*TERMINATED: 04/11/2006*

**Elio Battista, Jr.**
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
Fax : (302) 425-6464

**Elizabeth A. Wilburn**
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6487
Fax : (302) 425-6464
Email: wilburn@blankrome.com

**Jason W. Staib**
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801
(302) 425-6400
Fax : (302) 425-6464
Email: staib@blankrome.com

**Kathleen Campbell Davis**
Campbell & Levine LLC
800 N. King Street

Suite 300
Wilmington, DE 19801
302-426-1900
Fax : 302-426-9947
Email: kdavis@camlev.com

**Mark J. Packel**
Blank Rome LLP
1201 Market Street
Suite 800
Wilmington, DE 19801
usa
(302) 425-6429
Fax : (302) 425-6464
*TERMINATED: 12/19/2005*

**Marla Rosoff Eskin**
Campbell & Levine, LLC
800 King Street
Suite 300
Wilmington, DE 19801
302-426-1900
Fax : 302-426-9947
*TERMINATED: 01/17/2006*

**Robert K. Beste, Jr.**
*TERMINATED: 01/03/2006*

**William E. Chipman, Jr.**
Edwards Angell Palmer &
Dodge
919 North Market Street
Suite 1500
Wilmington, DE 19801
302-425-7124
Fax : 302-777-7263
Email: wchipman@eapdlaw.com

*Trustee*
**George L. Miller**
1628 John F. Kennedy Blvd.
Suite 950
Philadelphia, PA 19103
215-561-0950

represented by **John T. Carroll**
Cozen O'Connor
1201 North Market Street
Suite 1400
Wilmington, DE 19801
302-295-2028
Fax : 302-295-2013
Email: jcarroll@cozen.com

**David Dormont**
Kaufman, Coren & Ress, P.C.
1717 Arch Street,
Suite 3710

## In the Superior Court of the State of Delaware in and For New Castle County

In De: Mortgage Judgement          )          Parcel No. 26604410169
Johnnie DuBose                     )
      Plaintiff          )          C.A. No. 05C-02-051 RRC
                                   )
                                   )
    vs.                      )
Clive E. Bey t/a Sunset to Sunset  )
Aka Neville D. Hemley              )
      Defendant          )

### PETITION OF NO ATTEMPT AT REDEMPTION

**THE PETITION OF JOHNNIE DuBOSE,** respectfully represents that:

1.   Johnnie DuBose ProSe' filed a judgement A-22-207.

2.   Johnnie DuBose ProSe' filed a levy on Defendant G&C and/or L&T issued April 29, 2005.

3.   On July 20, 2005 Writ returned "June 2005" per Clive Bey, alleging property was sold at Sheriff Sale on January 11, 2005.

4.   Upon review of record in the Sheriff's Office and the office of the Prothonotary, there is not any evidence of a Superior Court confirmation of a sale or deed by the Sheriff.  -  Title 1- Section 4976 "upon confirmation by the court of any sale of lands and tenements, made by virture of execution process. . .

5.   Petitioner, asserts that he never received proper notice by the Sheriff of New Castle County of any impending sale of 727 Bennett Street, the property that he holds a mortgage choate lien of $35,000, based upon "First in time first right controlling".

6.  Title 10 Section 4987 Sheriff's record of sale proceeds – failed to pa the
    $35,000 judgment to petitioner from moneys arising from alleged sale of
    property.

7.  The sale of said property was not approved by the Court.

8.  More than 60 days have now expired from the time the said alleged sale of
    said property, and owner of said property or his legal representative has
    failed to redeem said property.

9.  A metes and bounds description of said property corresponding with said
    County Tax Index Parcel No. 2604410169.

    Wherefore, your Petitioner prays that this Court approve an Order
    directing the Sheriff to execute, acknowledge and deliver a Deed under his
    hand and seal conveying the title to said property to your Petitioner,
    Johnnie DuBose, the original owner of the property.

Johnnie DuBose Pro Se'
4 Teakwood Lane
Wilmington, Delaware 19810
(302) 656-6838

July 26, 2005

Betth L. Lugler
7/25/05

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| **IN RE: Mortgage Judgement** | ) | **Parcel No. 26604410169** |
| **Johnnie DuBose** | ) | |
| **Plaintiff** | ) | **C.A. No. 05C-02-051 RRC** |
| | ) | |
| **Vs.** | ) | |
| **Clive E. Bey t/a Sunset to Sunset** | ) | |
| **Aka Neville D. Hemley** | ) | |
| **Defendant** | ) | |

### ORDER

**AND NOW, TO WIT,** this 25th day of July, 2005, the petitioner Johnny DuBose, Pro

Se', having been maturely considered, and it appearing that the owners of said property

or their legal representatives have failed to redeem said property s prescribed by the

statute in that behalf within 60 days from the time that sale was not approved by the

Court;

### IT IS ORDERED BY THE COURT:

That Michael P. Walsh, Sheriff of New Castle County, be and is hereby directed to

execute, acknowledge and deliver a deed under his hand and seal to Johnny DuBose, Pro

Se' for the property described in the foregoing petition.

_____

Judge

**COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC**

Robert K. Beste, Jr.
Attorney At Law

Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801

T: 302.425.5089 | F: 302.425.5097
rbeste@cohenseglias.com
www.cohenseglias.com

May 9, 2006

**BY FACSIMILE TO 395-8460**
Sheriff – New Castle County
City/County Building
800 N. French Street, 5th Floor
Wilmington, DE 19801

      RE:    **2210 N. Market Street, Wilmington, DE 19802 – Lev. Fac. No. 83;**

             **2208 N. Market Street, Wilmington, DE 19802 – Lev. Fac. No. 84; and**

             **727 Bennett Street, Wilmington, DE 19801 – Lev. Fac. No. 85**

Dear Sir/Madam:

      Please stay all three (3) of the above-referenced sales, scheduled for this morning.

                    Very truly yours,

                    ROBERT K. BESTE, JR.

RKB/msj
22166-0003

*Levari Facias Real Estate*

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

American Business Credit, Inc.,                    )
                                                   ) C. A. No. 04L-05-020-1 WCC
            Plaintiff,                             )
                                                   ) SCIRE FACIAS SUR MORTGAGE
v.                                                 ) and IN PERSONAM ACTION
                                                   )
Mohammad R. Mian, and Clive E. Bey, a/k/a          ) Instrument No. 20040224-0020928
Neville D. Hemley,                                 )
                                                   ) J. D. No. C-22-016
            Defendants.                            )

## TO THE SHERIFF OF NEW CASTLE COUNTY, YOU ARE COMMANDED:

To sell the real estate of the Defendants above, including all building(s) and improvements subject to covenants, obligations, restrictions and easements, to satisfy a debt owed to the Plaintiff above. Legal description is attached.

| | |
|---|---|
| Principal Amount | $155,450.29 |
| Interest through 2/6/06 | $103,358.20 |
| NSF Fees | $    55.04 |
| Late Charges | $  5,764.20 |
| Force Placed Insurance | $  9,748.20 |
| Forbearance Advance | $  8,721.86 |
| Forbearance Fee | $   500.00 |
| Collection Expenses | $   238.47 |
| Interest on Fees | $  4,794.61 |
| Interest on Late Charges | $  1,227.14 |
| Satisfaction Fee | $   212.50 |
| Prepayment Fee | $ 18,654.03 |
| Attorney's Fees | $ 27,000.00 |
| **TOTAL:** | **$335,724.54** |

Plus court costs; attorney's fees; pre-judgment and post-judgment interest, at 24.0% *per annum*, or $103.63 *per diem*, until satisfied.

**Issued:**   *3/16/06*

Robert K. Beste, Jr., Esquire
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange St., Nemours Building, Suite 205
Wilmington, Delaware 19801
(302) 425-5089

Prothonotary

Per Deputy



Robert K. Beste, Jr.
Attorney At Law

COHEN SEGLIAS PALLAS GREENHALL & FURMAN PC

Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801

T: 302.425.5089 | F: 302.425.5097
rbeste@cohenseglias.com
www.cohenseglias.com

February 29, 2008

**By Electronic Filing**
The Honorable Leonard P. Stark, Magistrate Judge
United States District Court – District of Delaware
U. S. Courthouse
844 King Street, Lockbox 26
Wilmington, DE 19801

> RE: **Johnnie M. DuBose v. Michael Walsh, New Castle County Sheriff;**
> **American Business Credit, Inc.; Robert K. Beste, Jr.; and Maggie**
> **Clausell; District Court - C. A. No. 07-045 (MPT)**

Dear Judge Stark:

I write in response to Your Honor's Order dated February 26, 2008 (D.I. 35), which, among other things, set a briefing schedule on Plaintiff's Motion for Reconsiderations (D.I. 30), which is an application for reconsideration of the denial of Plaintiff's request to enter a default judgment against Defendant American Business Credit, Inc.

I do not represent American Business Credit, Inc., in this matter. I write to Your Honor to point out that it is believed such entity is or was in bankruptcy, in this District, in C. A. No. 05-10206-MFW. I do not practice frequently in Bankruptcy Court, but that matter does appear to be closed; and, to my knowledge, no claim was made by Plaintiff in Bankruptcy Court with respect to the pending action before this Court.

Respectfully submitted,

ROBERT K. BESTE, JR.

RKB/msj

cc:    Mr. Johnnie M. DuBose (by First-Class Mail)
       Laura Thomas Hay, Esq. (by Electronic Filing)
       Paul P. Cottrell, Esq. (by Electronic Filing)
       Donald L. Gouge, Esquire (by Electronic Filing)
       Megan Sanfrancesco, Esq. (by Electronic Filing)
       Clerk of Court, District Ct. (by First-Class Mail)    05021-0059; Doc. #28

Philadelphia | Pittsburgh | Wilmington | Harrisburg
New Jersey | West Virginia