IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHNNIE M. DuBOSE,

    Plaintiff,

v.                                CIVIL ACTION NO.07-45SLR

MICHAEL WALSH, IN HIS OFFICAL
CAPACITY AS NEW CASTLE COUNTY
AMERICAN BUSINESS CREDIT (ABC)
SHERIFF ROBERT K. BESTE, JR. ESQ.
MAGGIE CLAUSELL ESQ.,

    Defendants.

MAR 17 2008

Answering Brief of Plaintiff in support of his opposition to Defendant Motion to Dismiss.

Motion to Supplement Motion to Dismiss, Motion to Joinder in the alternative plaintiff

Cross Motion for Summary Judgment

Date 3/12/08

Johnnie DuBose Pro Se
4 Teakwood Lane
Wilmington, DE 198010

## CROSS MOTION FOR SUMMARY JUDGEMENT

In view of the evidentiary materials contained in plaintiff's complaint and attachments to his Motion in Opposition to Defendants motion to Dismiss. Defendant Admissions, pleadings on file, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, "Fed R. Civ P 56 (c).

Defendant Maggie Clausell letter dated January 23, 2007 to Plaintiff admit that she acted with willful wanton negligence when she "withdrew" the Plaintiffs "Motion to Vacate" sheriff sale scheduled for a mandatory hearing in Superior Court December 27, 2006, She then sent plaintiff a letter of "Termination of Representation" January 23, 2007 (1) Defendant owed plaintiff a duty of care, (2) the defendant breached that duty; and (3) the defendants breach was the proximate cause of plaintiffs injury. New Haven Ford Partnership v Stroot, 772 a zol, 795, 798 (Del 2001). Plaintiff relied on defendant on defendants Maggie Clausell and the New Castle County Sheriff to protect his interest from the fraudulent actions of defendant Beste.

Summary Judgment   A decision made on the basis of statements and evidence presented for the Court without a trial ( see defendant Clauusell letter dated January 23, 2007   Termination of Representation).

Issues (Facts) not in dispute:
1. Clausell was legal representative of plaintiff at the time she caused his December 29, 2006 mandatory "Motion to Vacate Sheriff Sale" depriving him of his "day in court". "I called you on Wednesday, January 3, 2007 to inform you that I would be coming to Wilmington on January 5, 2007 and that I wish to meet with you regarding the status of your claims against ABC, Inc. after our withdrawal of the Motion to Vacate the Sheriff Sale that was scheduled to be heard on December 29, 2006". Plaintiff understands the word "Our Withdrawal" to be defined as law office of Maggie Clausell, LLC and Maggie Clausell, Esq. It was not in plaintiff's best interest to withdraw his "Motion to Vacate", as Maggie Clausell informed him that he would have to file the motion Pro Se' ( see Motion to Vacate Sheriff Sale Executed by plaintiff compared to "draft" of "Motion to Vacate prepared by defendant Clausell. Defendant Clausell further states, "As I explained to you, the major hurdle was the issue of laches ( unreasonable delay in filing your claim) since the deed was transferred in 2001. "This contradicts what Clausell stated "under oath" in the "Motion to Vacate Sheriff Sale; that "On November 30, 2005 Johnnie DuBose was issued a deed to the above captioned real estate ("see statement of facts Para 7.
(On page 2 of the Clausell letter).
"I was told you emphatically that I would not draft a complaint which alleged that the Sheriff of the Sheriff's office as a party to a conspiracy or scam to deprive you of your property".
I am deeply sorry that you paid nearly $12,000 in taxes to take a sheriff's deed on the property".

CERTIFICATE OF SERVICE

I, hereby certify that on March 12, 2008, I caused to be delivered by hand (2) copies of the attached Answering Brief of Plaintiff in support of his opposition to Defendant Motion to Dismiss. Motion to Supplement Motion to Dismiss, Motion to Joinder in the alternative plaintiff Cross Motion for Summary Judgment.

Robert K. Beste Jr.
Cohen Seglias Pallas Greenhill & Formon
Nemours Building, Suite 1130
1007 Orange Street
Wilmington, Delaware 19801

Paul Cottrell, Tighe & Cottrell, P.A.
704 King Street, Box 1031
1 Customs House
Wilmington, Delaware 19899

Donald L. Gouge, Jr.
Herman, Gouge, & Kaufman, LLP
800 King Street, Suite 303
P.O. Box 1674
Wilmington, Delaware 19899

Laura Thomas Hay
New Castle County Law Department
New Castle Corporate Commons
87 Reads Way
New Castle, Delaware 19720

Megan Sanfrancesco
New Castle, County Law Department
New Castle Corporate Commons
87 Reads Way
New Castle, Delaware 19720

American Business Credit, Inc.
C/o George L. Miller, Chapter 7 Trustee
8 Penn Center, Suite 980
Philadelphia, PA. 19103

Johnnie M. DuBose Pro Se'
4 Teakwood Lane
Wilmington, Delaware 19810
302-656-6838

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHNNIE M. DuBOSE,

    Plaintiff,

v.                                         CIVIL ACTION NO.07-45SLR

MICHAEL WALSH, IN HIS OFFICAL
CAPACITY AS NEW CASTLE COUNTY
AMERICAN BUSINESS CREDIT (ABC)
SHERIFF ROBERT K. BESTE, JR. ESQ.
MAGGIE CLAUSELL ESQ.,

    Defendants.

Answering Brief of Plaintiff in support of his <u>opposition</u> to Defendant Motion to Dismiss.

Motion to Supplement Motion to Dismiss, Motion to Joinder in the alternative plaintiff

Cross Motion for <u>Summary Judgment</u>

Date 3/12/08

*Johnnie DuBose* (signature)
Johnnie DuBose Pro Se
4 Teakwood Lane
Wilmington, DE 198010

8

## CROSS MOTION FOR SUMMARY JUDGEMENT

In view of the evidentiary materials contained in plaintiff's complaint and attachments to his Motion in Opposition to Defendants motion to Dismiss. Defendant Admissions, pleadings on file, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, "Fed R. Civ P 56 (c).

Defendant Maggie Clausell letter dated January 23, 2007 to Plaintiff admit that she acted with willful wanton <u>negligence</u> when she "withdrew" the Plaintiffs "Motion to Vacate" sheriff sale scheduled for a mandatory hearing in Superior Court December 27, 2006, She then sent plaintiff a letter of "Termination of Representation" January 23, 2007 (1) Defendant owed plaintiff a duty of care, (2) the defendant breached that duty; and (3) the defendants breach was the proximate cause of plaintiffs injury. New Haven Ford Partnership v Stroot, 772 a zol, 795, 798 (Del 2001). Plaintiff relied on defendant on defendants Maggie Clausell and the New Castle County Sheriff to protect his interest from the fraudulent actions of defendant Beste.

<u>Summary Judgment</u>   A decision made on the basis of statements and evidence presented for the Court without a trial ( see defendant Clauusell letter dated January 23, 2007   Termination of Representation).

Issues (Facts) not in dispute:
1. Clausell was legal representative of plaintiff at the time she caused his December 29, 2006 mandatory "Motion to Vacate Sheriff Sale" depriving him of his "day in court". "I called you on Wednesday, January 3, 2007 to inform you that I would be coming to Wilmington on January 5, 2007 and that I wish to meet with you regarding the status of your claims against ABC, Inc. after our withdrawal of the Motion to Vacate the Sheriff Sale that was scheduled to be heard on December 29, 2006". Plaintiff understands the word "Our Withdrawal" to be defined as law office of Maggie Clausell, LLC and Maggie Clausell, Esq. It was not in plaintiff's best interest to withdraw his "Motion to Vacate", as Maggie Clausell informed him that he would have to file the motion Pro Se' ( see Motion to Vacate Sheriff Sale Executed by plaintiff compared to "draft" of "Motion to Vacate prepared by defendant Clausell. Defendant Clausell further states, "As I explained to you, the major hurdle was the issue of laches ( unreasonable delay in filing your claim) since the deed was transferred in 2001. "This contradicts what Clausell stated "under oath" in the "Motion to Vacate Sheriff Sale; that "On November 30, 2005 Johnnie DuBose was issued a deed to the above captioned real estate ("see statement of facts Para 7.
(On page 2 of the Clausell letter).
"I was told you emphatically that I would not draft a complaint which alleged that the Sheriff of the Sheriff's office as a party to a conspiracy or scam to deprive you of your property".
I am deeply sorry that you paid nearly $12,000 in taxes to take a sheriff's deed on the property".

## CERTIFICATE OF SERVICE

I, hereby certify that on March 12, 2008, I caused to be delivered by hand (2) copies of the attached Answering Brief of Plaintiff in support of his opposition to Defendant Motion to Dismiss. Motion to Supplement Motion to Dismiss, Motion to Joinder in the alternative plaintiff Cross Motion for Summary Judgment.

Robert K. Beste Jr.
Cohen Seglias Pallas Greenhill & Formon
Nemours Building, Suite 1130
1007 Orange Street
Wilmington, Delaware 19801

Paul Cottrell, Tighe & Cottrell, P.A.
704 King Street, Box 1031
1 Customs House
Wilmington, Delaware 19899

Donald L. Gouge, Jr.
Herman, Gouge, & Kaufman, LLP
800 King Street, Suite 303
P.O. Box 1674
Wilmington, Delaware 19899

Laura Thomas Hay
New Castle County Law Department
New Castle Corporate Commons
87 Reads Way
New Castle, Delaware 19720

Megan Sanfrancesco
New Castle, County Law Department
New Castle Corporate Commons
87 Reads Way
New Castle, Delaware 19720

American Business Credit, Inc.
C/o George L. Miller, Chapter 7 Trustee
8 Penn Center, Suite 980
Philadelphia, PA. 19103

Johnnie M. DuBose Pro Se'
4 Teakwood Lane
Wilmington, Delaware 19810
302-656-6838





Johnnie DuBose
41 Eastwood Lane
Wilmington, Delaware 19810

United States District Court
Clerk: District of Delaware
United States Courthouse
844 King Street
Wilmington, DE 19801