IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNIE M. DuBOSE ) | |
| ) | C.A. No.: 07-45-SLR/LPS |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL WALSH, in his official capacity as ) | |
| New Castle County Sheriff; AMERICAN ) | |
| BUSINESS CREDIT (ABC); ROBERT K. ) | |
| BESTE, JR; and MAGGIE CLAUSELL, Esq. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT MAGGIE CLAUSELL, ESQ.'S RESPONSIVE ANSWER TO THE
MOTION FOR RECONSIDERATION: MOTION FOR DEFAULT JUDGMENT OF
<u>PLAINTIFF JOHNNIE M. DUBOSE</u>**

**TIGHE & COTTRELL, P.A.**

 /s/ Paul Cottrell
Paul Cottrell, Esq. (DE I.D. # 2391)
Patrick M. McGrory Esq. (DE I.D. # 4943)
One Custom House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.cottrell@tighecottrell.com
*Attorneys for Defendant Maggie Clausell, Esq.*

Dated: <u>March 18, 2008</u>

TABLE OF CONTENTS

TABLE OF AUTHORITIES....................................................................................................iii

I.     NATURE AND STAGE OF PROCEEDINGS................................................................1

II.    SUMMARY OF ARGUMENT......................................................................................1

III.   STATEMENT OF FACTS.............................................................................................2

III.   LEGAL ARGUMENTS.................................................................................................2

      1.    Plaintiff is Not Entitled to a Reconsideration of His Motion
            for Default Judgment as Ms. Clausell Responded to Plaintiff's
            Complaint in Accordance With the Rules of Civil Procedure...........................2

      2.    Plaintiff is Not Entitled to a Reconsideration of His Motion for
            Entry of Default Judgment Because He has Failed to Show that
            Entry of Default Judgment is Warranted............................................................3

            A.    Plaintiff has suffered no prejudice............................................................4

            B.    Ms. Clausell has Meritorious Defenses......................................................4

            C.    Ms. Clausell has not Acted in Flagrant Bad Faith..................................5

      3.    Plaintiff's Motion for Reconsideration Should be Denied Because
            it Relies on Irrelevant Case Proceedings to Support its Position......................5

IV.   CONCLUSION................................................................................................................6

**TABLE OF AUTHORITIES**

**CASES**

*Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*,
    29 F.3d 863, 876 (3d Cir. 1994)..................................................................................5

*Falor v. G &S Billboard*,
    2007 WL 1362736 (D.N.J.)........................................................................................4

*Nash v. Signore*,
    90 F.R.D. 93, 95 (D.C. Pa. 1981)...............................................................................4

*National Hockey League v. Metropolitan Hockey Club, Inc.*,
    427 U.S. 639 (1976)....................................................................................................4

*Poulis v. State Farm Fire & Casualty, Co.*,
    747 F.2d 863 (3d Cir. 1984).......................................................................................4

**OTHER AUTHORITIES**

Fed. R. Civ. Pro. Rule 7..........................................................................................................2

Fed. R. Civ. Pro. Rule 12........................................................................................................2

## I.  NATURE AND STAGE OF PROCEEDINGS

On or about January 23, 2007, Plaintiff Johnnie M. DuBose filed his three count Complaint alleging violations of 42 U.S.C. §§ 1983, 1985 and 1986, as well as the Fourth, Fifth and Fourteenth Amendments in Count One, and two apparent claims for conversion with regards to the sheriff's sale of a home in which the Plaintiff claims to have had a mortgage interest.  (D.I. #1).

On or about February 6, 2007, Defendant Maggie Clausell, Esq. received a copy of Plaintiff's Complaint by U.S. certified mail.  (D.I. #6).  Having received a copy of the Complaint, counsel for Defendant subsequently filed a Motion to Dismiss on February 19, 2007.  (D.I. #12).

On or about March 15, 2007, Plaintiff filed a Motion for Default Judgment.  (D.I. #19).  Defendant filed a response to Plaintiff's Motion for Default Judgment on March 20, 2007.  (D.I. #22).  Plaintiff's Motion for Default Judgment was denied on October 25, 2007.  (D.I. #29).

On or about October 29, 2007, Plaintiff filed the present Motion for Reconsideration: Motion for Default Judgment. (D.I. #30).  This is Defendant Maggie Clausell's answer to Plaintiff's motion.

## II.  SUMMARY OF ARGUMENT

Defendant Maggie Clausell ("Ms. Clausell") avers that Plaintiff's Motion for Reconsideration:  Motion for Default Judgment ("Plaintiff's Motion") should be denied on the basis that:

1. Plaintiff's Motion fails to pay heed to Ms. Clausell's timely responses to Plaintiff's Complaint and relies on factually untrue information;

2. Plaintiff's Motion cites to legal standards with no application as to why these legal standards support Plaintiff's Motion; and

3.  Plaintiff's Motion cites to irrelevant case filings in support of Plaintiff's Motion.

### III. STATEMENT OF FACTS

Plaintiff filed the Return of Service with regards to Ms. Clausell on February 6, 2007, wherein he declares that he sent the summons and complaint to Ms. Clausell via USPS certified mail on January 30, 2007. (D.I. #6).

Ms. Clausell, through counsel, responded to Plaintiff's Complaint by filing a Motion to Dismiss on February 19, 2007. (D.I. #12).

Plaintiff filed a Motion for Default Judgment on March 15, 2007. (D.I. #19). Ms. Clausell responded by motion on March 20, 2007. (D.I. #22). Plaintiff's Motion for Default Judgment was denied on October 25, 2007. (D.I. #30).

### IV. LEGAL ARGUMENTS

**1. Plaintiff is Not Entitled to a Reconsideration of His Motion for Default Judgment as Ms. Clausell Responded to Plaintiff's Complaint in Accordance With the Rules of Civil Procedure.**

Federal Rules of Civil Procedure Rule 7 requires an answer be filed in response to every complaint. In lieu of filing an answer, a party may respond via motion pursuant to Fed. R. Civ. P. Rule 12 (b). The general pleading requirements of Rule 7 are altered to the extent a party replies by motion under Rule 12 (b). When a party files a motion to dismiss, Rule 12 (a)(4) provides, no answer must be filed until the motion is denied or postponed until trial, in which case the responsive answer is due 10 days after notice of the court's action.

Ms. Clausell properly responded to Plaintiff's Complaint and no answer was or has become due. The Federal Rules of Civil Procedure provide that a party has twenty (20) days

from the date of service to file a response to a complaint.[1] The docket clearly shows that Ms. Clausell received a copy of the Complaint on February 6, 2007. (D.I. #6). The docket also shows that Ms. Clausell responded via a motion to dismiss on February 19, 2007. (D.I. #12). This is a lapse of thirteen (13) days, well within the time limits mandated by the Federal Rules of Civil Procedure.[2] Ms. Clausell's Motion to Dismiss has not yet been decided on by this Court and therefore no answer is currently due.

Plaintiff's Motion states that the Court failed to order a reply to or an answer to Plaintiff's complaint. Plaintiff's Motion seems to concede that there is a difference between an answer to Plaintiff's complaint and a reply to Plaintiff's complaint. (D.I. #30). However, by this same token Plaintiff refuses to see that Ms. Clausell did reply to Plaintiff's complaint via motion. *Id*. The rules of civil procedure clearly state that no answer is due at this time, the Court could not be expected to order an answer to Plaintiff's complaint when the rules mandate that no answer is due until this Court has ruled on Ms. Clausell's Motion to Dismiss. Ms. Clausell has not failed to respond to the complaint contrary to Plaintiff's Motion and therefore Plaintiff's Motion should be denied.

2.     **Plaintiff is Not Entitled to a Reconsideration of His Motion for Entry of Default Judgment Because He has Failed to Show that Entry of Default Judgment is Warranted.**

Plaintiff's Motion cites to a legal standard for entry of default judgment with no explanation as to its application in the current litigation. Plaintiff's Motion states that the Court must consider: (a) prejudice; (b) merit; and (c) culpability. (D.I. #30). The ambiguous nature of

---

[1] For purposes of Ms. Clausell's current responsive brief, Ms. Clausell is willing to concede that she received a copy of the Complaint and will not raise any defense/argument pertaining to the propriety of "service" via certified mail effectuated by Plaintiff in the current matter.

[2] Even assuming arguendo that Ms. Clausell actually received the complaint on January 30, 2007, the date which Plaintiff allegedly first mailed the complaint, this is still a lapse of twenty (20) days and thus within the time restraints mandated by the Federal Rules of Civil Procedure.

Plaintiff's assertions aside, Plaintiff seems to be citing to the legal standard whereby the courts determine whether default judgment is warranted. For sake of clarity, in determining whether default judgment is warranted courts may only enter default where the moving party clearly shows that the plaintiff has suffered prejudice as a result of delay; the defendant has no meritorious defense; and the defendant's culpability warrants entry of default. *Falor v. G &S Billboard*, 2007 WL 1362736 (D.N.J.). However, the court should be ever mindful that default is an extreme sanction which should only sparingly be used. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639 (1976); see also *Poulis v. State Farm Fire & Casualty, Co.*, 747 F.2d 863 (3d Cir. 1984). It is not the court's duty to prove the plaintiff's contentions. Where a plaintiff fails to support their motion through relevant evidence the only thing left for the court is to deny the motion.

  A. **Plaintiff has suffered no prejudice.**

Plaintiff's Motion fails in any way to show how Plaintiff has suffered prejudice. The fact that Plaintiff will be forced to prove his case on the merits fails to constitute prejudice. *Nash v. Signore*, 90 F.R.D. 93, 95 (D.C. Pa. 1981). Plaintiff's motion is completely devoid of any reference to prejudice suffered as a result of Ms. Clausell's actions in responding to Plaintiff's complaint. As a result, Plaintiff has failed to meet the first requirement for entry of default judgment.

  B. **Ms. Clausell has Meritorious Defenses.**

Ms. Clausell retains several meritorious defenses. Ms. Clausell's Motion to Dismiss and Joinder in the Motion to Dismiss filed by Co-Defendant Robert K. Beste, Jr. constitute meritorious defenses to the current action brought by Plaintiff. Plaintiff has made no showing of why Ms. Clausell's defenses should not be given their due weight. Any further defenses are not currently warranted by this Court as a result of the pleading procedures required by the Federal

Rules of Civil Procedure. See *supra*. If and when this Court denies Ms. Clausell's Motion to Dismiss a responsive pleading will be filed with further defenses. Therefore, Plaintiff has failed to meet the second requirement for entry of default judgment.

### C. Ms. Clausell has not Acted in Flagrant Bad Faith.

Ms. Clausell has taken no actions which could lead the Court to find that she has acted in flagrant bad faith. The definition of flagrant bad faith "contemplates contumacious conduct that is strategic and self-serving as opposed to "innocent mishaps or mere mistakes." *Adams v. Trustees of the New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 876 (3d Cir. 1994). Plaintiff has not produced a scintilla of evidence or a single argument which warrants a finding of an innocent mishap or mistake, let alone a finding of "contumacious conduct that is strategic and self-serving." Rather, the docket provides a clear record of the filing dates in this current action, and clearly indicates that Ms. Clausell responded in the time and manner which was required of her. As a result of the foregoing, Plaintiff has failed to meet the third requirement for a court's finding that entry of default is warranted.

**3. Plaintiff's Motion for Reconsideration Should be Denied Because it Relies on Irrelevant Case Proceedings to Support its Position.**

Plaintiff's citation to irrelevant case proceedings has no bearing on the Court's current consideration of Plaintiff's Motion. Paragraph five (5) in Plaintiff's Motion states, "Plaintiff was not given any notice in writing of the date and time of a hearing of defendant's motion to dismiss as mandated by FRCP (7) pleadings allowed: Forms of Motions." (D.I. #30). Plaintiff has failed to show how Plaintiff's notice of Ms. Clausell's Motion to Dismiss is relevant to the Court's reconsideration of Plaintiff's motion for default. In addition, the docket shows that a certificate of service was attached to both Ms. Clausell's Motion and the attending Brief in support thereof. (D.I. #12, D.I. #13). These facts raise a presumption that Plaintiff did receive Ms. Clausell's

Motion to Dismiss and the attending Brief.  It was incumbent upon Plaintiff to rebut this presumption in his opening brief and show that no notice was received.  Plaintiff failed to do so and therefor should now be barred from further arguing this point.

Paragraph six (6) of Plaintiff's Motion is irrelevant as applied to Ms. Clausell.  Paragraph six is directed towards Defendant American Business Credit, Inc., and is irrelevant to a reconsideration to entry of default as it is applied to Ms. Clausell.

## V. CONCLUSION

Ms. Clausell respectfully submits that Plaintiff's Motion should be denied as Ms. Clausell clearly responded to Plaintiff's Complaint within the time and manner constraints mandated by the Federal Rules of Civil Procedure.  Plaintiff has failed to show why he is entitled to a reconsideration to his entry of default judgment.  Finally, Plaintiff cites to irrelevant case proceedings which have no bearing on a reconsideration of motion for entry of default judgment against Ms. Clausell.

WHEREFORE, Defendant Maggie Clausell, Esq., respectfully requests that this Court deny Plaintiff's Motion for Reconsideration: Motion for Default Judgment as it pertains to Maggie Clausell.

**TIGHE & COTTRELL, P.A.**

     /s/ Paul Cottrell
Paul Cottrell, Esq. (DE I.D. # 2391)
Patrick M. McGrory Esq. (DE I.D. # 4943)
One Custom House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.cottrell@tighecottrell.com

Dated: March 18, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHNNIE M. DuBOSE | ) | |
| | ) | C.A. No.: 07-45-SLR/LPS |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL WALSH, in his official capacity as | ) | |
| New Castle County Sheriff; AMERICAN | ) | |
| BUSINESS CREDIT (ABC); ROBERT K. | ) | |
| BESTE, JR; and MAGGIE CLAUSELL, Esq. | ) | |
| | ) | |
| Defendants. | ) | |

### CERTIFICATE OF SERVICE

I, Paul Cottrell, Esquire, hereby certify that on March 18, 2008, I caused to be served a true and correct copy of the attached *Defendant Maggie Clausell, Esq.'s Responsive Answer to the Motion for Reconsideration: Motion for Default Judgment of Plaintiff Johnnie M. DuBose* upon the following in the manner indicated:

**Electronic Mail using CM/ECF**

Robert K. Beste, Jr.
Cohen Seglias Pallas Greenhill & Furman PC
Nemours Building, Suite 1130
1007 Orange Street
Wilmington, DE 19801
(302) 425-5089

Donald L. Gouge, Jr.
Heiman, Gouge & Kaufman, LLP
800 King Street, Suite 303
P.O. Box 1674
Wilmington, DE 19899
(302) 658-1800

**First Class, US Mail, Postage Prepaid**

Johnnie M. DuBose
4 Teakwood Lane
Wilmington, DE 19801

American Business Credit, Inc.
c/o George L. Miller, Chapter 7 Trustee
Miller Coffey Tate LLP
8 Penn Center, Suite 950
Philadelphia, PA 19103

**(SIGNATURE ON NEXT PAGE)**

**TIGHE & COTTRELL, P.A.**

    /s/ Paul Cottrell
Paul Cottrell, Esq. (DE I.D. # 2391)
Patrick M. McGrory Esq. (DE I.D. # 4943)
One Custom House, Suite 500
P.O. Box 1031
Wilmington, Delaware 19899
(302) 658-6400
p.cottrell@lawtcl.com
*Attorneys for Defendant Maggie Clausell, Esq.*

Dated: March 18, 2008