IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Johnnie M. DuBose, | ) |
| | ) C. A. No. 07-45 SLR/LPS |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Michael Walsh, in His Official Capacity as | ) |
| New Castle County Sheriff; American | ) |
| Business Credit (ABC); Robert K. Beste, Jr., | ) |
| Maggie Clausell, Esq., | ) |
| | ) |
| Defendants. | ) |

**REPLY MEMORANDUM OF
ROBERT K. BESTE, JR., ESQUIRE
IN SUPPORT OF MOTION TO DISMISS**

Robert K. Beste, Jr., Esq. (I. D. No. 154)
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange St., Nemours Bldg., Ste. 1130
Wilmington, DE 19801
(302) 425-5089

Date: March 24, 2008

## TABLE OF CONTENTS

Table of Authorities…...............................................................................................  ii

Nature and Stage of Proceedings……………………………………………………...1

Statement of Argument……………………………………………………….…………..2

Argument: ……………………………………………………………………………3

    **A.**     **The Complaint Fails to State a Claim for Relief Under42 U.S.C. §1983.**

    **B.**     **No Conspiracy is Alleged, as Required by 42 U.S.C. §§ 1983 and 1985.**

Conclusion………………………………………………………………………………5

i

## TABLE OF AUTHORITIES

**CASES**                                                                    **Page**

Carefirst of MD, Inc. v. Carefirst Transp., Inc., 2002 WL 31500927
  (Del. Dist. Ct. Nov. 1, 2002)………………………………………………………3

Harmon v. State of Delaware Secretary of State, 2005 WL 2982216
(3d. Cir. 2005)………………………………………………………………………4

Steward v. Meeker, 459 F.2d 669 (3d. Cir. 1972)……………………………………3

## NATURE AND STAGE OF PROCEEDINGS

The Complaint in this matter was filed on January 23, 2007. On February 13, 2007, Defendant Robert K. Beste, Jr., filed a Motion to Dismiss (D.E. 9), and the Opening Brief in support thereof (D.E. 10). All other Defendants subsequently filed a Motion to Dismiss and supporting Memorandum.

On or about March 12, 2008, Plaintiff filed his Answering Brief (D.E. 37), in opposition to the Motion to Dismiss, and apparently with respect to various other types of assertions by Plaintiff. By separate pleading, Defendant Robert K. Beste, Jr. will oppose Plaintiff's effort to file a "Cross-Motion for Summary Judgment."

1

## STATEMENT OF ARGUMENT

Plaintiff continues to attempt to transform a simply foreclosure case into a violation of Civil Rights. Yet, Plaintiff does not make any allegations against Robert K. Beste, Jr. that would support such a claim. With the exception of some minor irrelevant additions in his Answering Brief, Plaintiff alleges nothing more than what happens in every foreclosure action where there is a disappointed party. The Court should not allow Plaintiff to transform such a normal foreclosure action into something it is not.

**ARGUMENT**

A.    **The Complaint Fails to State a Claim for Relief Under 42 U.S.C. §1983.**

As pointed out in the Opening Brief, the allegations in the Complaint as to Robert K.
Beste, Jr. (hereinafter "Beste"), are found only in Paragraphs 28 and possibly 35. In his
Answering Brief, Plaintiff does not respond to the argument of Defendant Robert K. Beste, Jr.
(hereinafter "Beste"), that the allegations in Paragraphs 28 and 35 do not state a claim as to Beste.
Paragraph 28 of the Complaint states merely that Plaintiff has not been able to establish that
Beste had "standing." Whether Beste had standing is irrelevant; fails to state a claim; and
Plaintiff does not even claim that Beste did not have standing, but only that Plaintiff has not yet
been able to establish standing.

Paragraph 35 of the Complaint alleges that Judgment was entered upon the wrong person,
in violation of 10 Del. C. §5095. That allegation deals with the mistaken identify of the Judgment
Debtor. What happened in this case is that the Judgment was sought against the individual who
signed the Note and Mortgage that had priority to the Mortgage in favor of Plaintiff. There was
nothing erroneous in the naming of the party; and, in any event, even if there were, such does not
state the basis for a claim under §1983.

B.    **No Conspiracy is Alleged, as Required by 42 U.S.C. §§ 1983 and 1985**

The Complaint fails to allege a conspiracy as required by 42 U.S.C. §§1983 and1985, and
should be dismissed. Steward v. Meeker, 459 F.2d 669 (3d. Cir. 1972). In his Answering Brief,
Plaintiff makes multiple new arguments or restates former contentions. Despite liberal pleading
rules for *pro se* parties, this Court should not accept every allegation as true, particularly
conclusory and unsupported conclusions and unwarranted inferences. Carefirst of MD, Inc. v.

3

Carefirst Transp., Inc., 2002 WL 31500927 (Del. Dist. Ct. Nov. 1, 2002). [Exhibit "A"].

Plaintiff's mere use of the word "conspiracy" in his Answering Brief is insufficient to state a

claim. Plaintiff must allege specific facts showing an agreement and concerted action amongst

Defendants. Conclusory allegations are insufficient to state a claim under §1983 or 1985.

Harmon v. State of Delaware Secretary of State, 2005 WL 2982216 (3d. Cir. 2005) [Exhibit "B"]

(See FN 3, P. 285 and case cited therein.) This Court should not allow Plaintiff to throw legal

terms to the Court, in a blunderbuss effort for lawful and legal actions of Beste and other

Defendants, which actions Plaintiff does not like. Plaintiff's distaste does not transform into the

statement of a federal claim.

## **CONCLUSION**

For the forgoing reasons, it is respectfully submitted that the Complaint as to Robert K.

Beste, Jr., should be dismissed.

Robert K. Beste, Jr., Esq. (I. D. No. 154)
Cohen, Seglias, Pallas, Greenhall & Furman, P.C.
1007 Orange St., Nemours Bldg., Ste. 1130
Wilmington, DE 19801
(302) 425-5089

Date: March 24, 2008

RKB/msj
05021-59; Doc. 32

5

# EXHIBIT "A"

Westlaw.

Not Reported in F.Supp.2d                                                                Page 1
Not Reported in F.Supp.2d, 2002 WL 31500927 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Carefirst of Maryland, Inc. v. Care First Transp., Inc.
D.Del.,2002.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
CAREFIRST OF MARYLAND, INC., d/b/a Care
First Blue Cross Blue Shield, Plaintiff,
v.
CARE FIRST **TRANSPORTATION**, INC., d/b/a
Care First **Transportation**, a/k/a Care First
**Transportation**, Defendant.
No. Civ.A. 02-229(MPT).

Nov. 1, 2002.

Sheldon K. Rennie, Fox, Rothschild, O'Brien &
Frankel, LLP, Wilmington, DE, for Plaintiff.

*MEMORANDUM OPINION*

THYNGE, Magistrate J.

I. Introduction.

**\*1** Presently before the Court is Defendant's motion
to dismiss for Plaintiff's failure to state a claim upon
which relief can be granted pursuant to Rule 12(b)(6)
of the Federal Rules of Civil Procedure. For the
foregoing reasons stated below, Defendant's motion
to dismiss is DENIED.

II. Background.

A. Factual.

Plaintiff is a Maryland corporation, with its principle
place of business in Maryland, *D.I. 2 at 2,* and a
licensee of Blue Cross Blue Shield Association,
located in Chicago, Illinois. *D.I. 2 at 5* . Plaintiff
serves as the parent corporation to a number of health
maintenance and preferred provider organizations.
*D.I. 2 at 3.* It services more than 5.2 million members
(including family members), who reside in various
states. Plaintiff has been the registered title owner of
a collective membership mark registration for the
mark "**CAREFIRST**" since June 6, 1989, and title
owner of trademark and service mark registrations for

the "**CAREFIRST**" mark as of July 4, 1989. The
mark has been used by plaintiff since 1977 through
their predecessor companies, prepaid health care
plans, also using the variations of
"MEDICAREFIRST" and "LIBERTY
**CAREFIRST**".*Id.*

Through contracted plans, plaintiff provides
comprehensive medical services, products and care to
its enrolled members. *D.I. 2 at 3.* The
"**CAREFIRST**" mark and name is used to indicate
comprehensive medical services rendered to or on
behalf of their members and preferred provider
organizations. *D.I. 2 at 4.* The mark is used to
distinguish plaintiff from other health care service
providers. It is used on membership cards, enrollment
kits, membership packets and member newsletters.
*Id.*

Plaintiff's membership predominantly resides in
Maryland, Virginia, West Virginia, Pennsylvania,
Delaware, New Jersey and the District of Columbia.
*D.I. 2 at 4.* Other members live in states including
Michigan, Florida, Kentucky and Kansas. These
members travel throughout the United States and
foreign countries. Each member receives a
membership card entitling them to payment for
emergency healthcare anywhere in the world and to
non-emergency health care with prior notification
and approval by the respective health care
maintenance or preferred provider owned by plaintiff.
Plaintiff's membership is honored by most health care
facilities in the United States. *Id.*

Currently, plaintiff's organizations have agreements
with more than 1,000 different companies under
which they will provide to all enrolled employees
medical services at a specified rate of coverage. *D.I.
2 at 4-5.* Several of these companies are located
throughout the country. *D.I. 2 at 5.*

Defendant is a Delaware corporation organized on
January 11, 2001, *D.I. 2 at 5,* with its principle place
of business in Delaware *D.I. 2 at 2.* Defendant
provides point to point **transportation** services in
Delaware and Pennsylvania. *D.I. 2 at 2.* These
services are promoted through defendant's "http//
www.carefirsttransport.com" website/domain name

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31500927 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

and direct mailing. *Id.* The promotions are also provided in connection with medical appointments, dialysis, counseling and clinics to those who qualify for "Senior Citizens Affordable Taxi" (SCAT).[FN1]*D.I. 2 at 6*

> FN1. In order to be eligible for SCAT, an individual must be "ambulatory handicapped" or over the age of 60. *D.I. 2 at 6.*

**\*2** Defendant does not sell and/or offer health care plans, enrollment kits, memberships, or preferred networks. *D.I. 11 at 2.* Defendant has applied for the trademark "CARE FIRST **TRANSPORTATION** ITS ALL ABOUT YOU" at the United States Patent and Trademark Office. *Id.*

B. Procedural.

On January 11, 2002, plaintiff sent defendant a letter requesting cease and desist of any and all use by defendant of the "CARE FIRST" mark. *D.I. 2 at 6.* Defendant did not respond and on March 27, 2002, plaintiff filed its complaint in this Court. *D.I. 9 at 1.* Defendant was served on April 2, 2002 but did not answer or otherwise respond to plaintiff's complaint. Plaintiff moved for entry of default on April 26, 2002, which was entered by the District Court Clerk on May 13, 2002. *Id.* Subsequently, plaintiff moved for default judgment pursuant to Fed.R.Civ.P. 55(b).*D.I. 9 at 1.*

In that motion, plaintiff requested the Court find in accordance with their complaint, that defendant committed: (1) trademark infringement of plaintiff's "**CAREFIRST**" trademark and service mark, and the "**CAREFIRST**" collective membership mark in violation of 15 U.S.C. § 1114; (2) common law trademark, service mark, collective membership mark and trade name infringement of the "**CAREFIRST**" mark and name; (3) unfair competition of the "**CAREFIRST**" mark and name in violation of 15 U.S.C. § 1125(a) and (b); (4) common law unfair competition; and (5) dilution of the "**CAREFIRST**" mark and name in violation of 15 U.S.C. § 1125(c).*D .I. 9 at 2.*

Upon a finding of these above claims, plaintiff then requests the Court to grant the following relief: (1) order that defendant and all persons in active concert

or participation be permanently enjoined and restrained from further acts of trademark, service mark, collective membership mark and trade name infringement, dilution, and unfair competition of the "**CAREFIRST**" mark and name specifically from further use of said mark, trade name, or colorable variants thereof; (2) order that defendant's website/domain name be transferred to plaintiff; (3) order that defendant pay over all profits which were obtained as a result of defendant's willful appropriation, infringement, dilution and intentional acts of infringement and unfair competition; (5) award plaintiff reasonable attorney's fees and expenses incurred as a consequence of defendant's willful appropriation, infringement, dilution and intentional acts of unfair competition. *D.I. 9 at 2-3.*

On August 7, 2002, defendant filed a motion to dismiss by failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P 12(b)(6).*D.I. 11 at 1.* Plaintiff responded to defendant's motion on August 19, 2002, reiterating their previous arguments and requesting defendant's motion to dismiss be stricken because: (1) a corporation cannot defend itself *pro se;* (2) the motion is untimely; and (3) that the motion was not made with an accompanying brief as required by District Court Rules. *D.I. 12 at 1-2.*

III. Discussion.

A. Standard for 12(b)(6) motion to dismiss.

**\*3** To grant a 12(b)(6) motion, a court must determine that the moving party is entitled to relief under the "reasonable reading of the pleadings, assuming the truth of all the factual allegations in the complaint."*Alexander v. Whitman, 114 F.3d 1392, 1397 (3d Cir.1997).*"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."*Id.*

It is well established that a complaint should be dismissed on the basis of failing to state a claim when "it appears beyond doubt that the plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief."*Conley v. Gibson, 355 U.S. 41, 45 (1957).* However, this court does not have to accept every allegation as true. *Flanagan v. Shively, 783 F.Supp. 922, 927 (M.D.Pa.1992).* Nor

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2002 WL 31500927 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

should "[c]onclusory allegations of law, unsupported conclusions and unwarranted inferences ... be accepted as true."*Id. (citing Conley, 355 U.S. at 45-46).* Thus, although the plain statement required by Fed. R. Civ. P 8(a)(2) should be read in a light most favorable to the plaintiffs, the conclusory allegations unsupported by any factual assertions, made in plaintiffs' complaint cannot withstand a motion to dismiss.

Here, plaintiff does provide this Court with facts to support their claims against defendant. A "reasonable reading of the pleadings" in this matter shows that relief can be granted under the presented facts. Therefore, defendant is not entitled to dismiss plaintiff's motion pursuant to grant a Fed.R.Civ.P. 12(b)(6). The reasoning for this decision are set forth as follows.

B. Plaintiff's arguments against dismissal of their claim.

As mentioned above, plaintiff provides three reasons why defendant's motion to dismiss should be denied: (1) that a corporation cannot defend itself *pro se;* (2) defendant's motion is untimely; and (3) the motion was not made with an accompanying brief as required by District Court Rules. *D.I. 12 at 1-2.*All of plaintiff's arguments are correct.

Defendant must be represented by counsel. A corporation may appear in federal court only by representation of a licensed attorney. *Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); U.S. v. Cocivera 104 F.3d 566 (3rd Cir.1996).* Here, defendant's motion to dismiss was filed by its president, Denette Dawson, who is not a Delaware licensed attorney. Thus, because defendant is a corporation appearing before this Court without proper representation, defendant's motion to dismiss is denied on this ground.

Defendant also failed to timely respond to plaintiff's allegations. A motion to dismiss must also be filed within twenty (20) days after service and summons. *Fed.R.Civ.P. 12(a).* Here, plaintiff filed its complaint on March 27, 2002. Defendant's motion was not filed until July 23, 2002, nearly four months later. Therefore, due to defendant's untimeliness, the motion should also be denied on that basis.

*4 Lastly, defendant failed to accompany its motion to dismiss with proper briefing. According to the Local District Court Civil Rule 7.1.2., a motion to dismiss must be accompanied by supportive briefing unless a party advised the Court that because of the nature of the motion, the involved parties believe no briefing is required. Beyond the motion itself, there are no further pleadings or other evidence on the record in support of defendant's motion to dismiss. Due to defendant's failure to observe the rules of this Court, defendant's motion should be denied. More importantly, defendant in its motion has failed to provide any bases for its position. In light of the absence of any factual or legal support for the motion, defendant's motion to dismiss is denied on that basis, as well.

IV. Conclusion

For the foregoing reasons discussed above, this Court finds that "reasonable reading of the pleadings" show no doubt that plaintiff can be relieved under the facts presented. Consequently, defendant's motion to dismiss for failure to state a claim is DENIED. An Order consistent with this opinion will follow.

*ORDER*

At Wilmington, this 1st day of November, 2002.

For the reasons set forth in the Memorandum Opinion dated November 1, 2002,

IT IS ORDERED that defendant's motion to dismiss for failure to state a claim is DENIED. 28 U.S.C. § 636 and Fed.R.Civ.P. 72 apply to any objections to the Memorandum Opinion and this Order.

D.Del.,2002.
Carefirst of Maryland, Inc. v. Care First Transp., Inc.
Not Reported in F.Supp.2d, 2002 WL 31500927 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT "B"

Westlaw.

154 Fed.Appx. 283                                                                                    Page 1
154 Fed.Appx. 283, 2005 WL 2982216 (C.A.3 (Del.))
**(Cite as: 154 Fed.Appx. 283)**

**C**
Briefs and Other Related Documents
Harmon v. Delaware Secretary of StateC.A.3
(Del.),2005.This case was not selected for publication
in the Federal Reporter.NOT PRECEDENTIAL
Please use FIND to look at the applicable circuit
court rule before citing this opinion. Third Circuit
Local Appellate Rule 28.3(a) and Internal Operating
Procedure 5.3. (FIND CTA3 Rule 28.0 and CTA3
IOP APP I 5.3.)
United States Court of Appeals,Third Circuit.
Christian HARMON, Appellant
v.
State of DELAWARE SECRETARY OF STATE;
Henley Graves, Judge, Individually and in his
capacity as Judge in the Superior Court of the State
of Delaware, Sussex County; Michael Farnan,
Individually and in his capacity as an Attorney at
Law; Merritt Burke III, Asst Public Defender,
Individually and in his capacity as a Public Defender
for the State of Delaware, Sussex County; Attorney
General of the State of Delaware.
**No. 04-2801.**

Submitted Under Third Circuit LAR 34.1(a) Dec. 21,
2004.
Decided Nov. 8, 2005.

**Background:** Prisoner brought § 1983 action,
alleging that his defense attorneys and judge violated
his rights to effective assistance of counsel, due
process, and equal protection. The United States
District Court for the District of Delaware, Gregory
M. Sleet, J., dismissed action. Prisoner appealed.

**Holdings:** The Court of Appeals held that:

(1) defense attorneys could not be liable to prisoner
for damages under § 1983;

(2) judge was entitled to absolute immunity; and

(3) to extent he sought to challenge conviction or
sentence, prisoner's sole remedy was petition for writ
of habeas corpus.

Affirmed.
West Headnotes

**[1] Civil Rights 78 ⟲1326(10)**

78 Civil Rights
    78III Federal Remedies in General
        78k1323 Color of Law
            78k1326 Particular Cases and Contexts
                78k1326(10)  k.  Attorneys  and
Witnesses. Most Cited Cases
Prisoner's defense attorneys could not be liable to
prisoner for damages under § 1983, as they did not
act under color of state law. 42 U.S.C.A. § 1983.

**[2] Civil Rights 78 ⟲1376(8)**

78 Civil Rights
    78III Federal Remedies in General
        78k1372 Privilege or Immunity;  Good Faith
and Probable Cause
            78k1376   Government   Agencies   and
Officers
                78k1376(8) k. Judges, Courts, and
Judicial Officers. Most Cited Cases
Judge was entitled to absolute immunity in prisoner's
§ 1983 action, where claim consisted entirely of
allegations regarding actions taken by judge in his
judicial capacity, while presiding over prisoner's trial.
42 U.S.C.A. § 1983.

**[3] Habeas Corpus 197 ⟲503.1**

197 Habeas Corpus
    197II Grounds for Relief;  Illegality of Restraint
        197II(B) Particular Defects and Authority for
Detention in General
            197k503 Judgment, Sentence, or Order
                197k503.1 k. In General. Most Cited
Cases

**Habeas Corpus 197 ⟲507**

197 Habeas Corpus
    197II Grounds for Relief;  Illegality of Restraint
        197II(B) Particular Defects and Authority for
Detention in General
            197k503 Judgment, Sentence, or Order
                197k507 k. Excessiveness. Most Cited
Cases
To the extent a prisoner seeks to challenge the fact or
duration of his conviction or sentence, his sole
remedy is a federal petition for writ of habeas corpus.
28 U.S.C.A. § 2254.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

154 Fed.Appx. 283
154 Fed.Appx. 283, 2005 WL 2982216 (C.A.3 (Del.))
(Cite as: 154 Fed.Appx. 283)

Page 2

*284 On Appeal from the United States District Court for the District of Delaware. (D.C.Civ. No. 03-cv-00759). District Judge: Honorable Gregory M. Sleet.

Christian Harmon, Rehoboth Beach, DE, pro se.
Laura L. Gerard, Department of Justice, Wilmington, DE, for Appellees.

Before ALITO, SMITH and ROSENN, Circuit Judges.

OPINION

PER CURIAM
**1 In 1999, Christian Harmon was arrested in Delaware on drug-related charges. During his criminal proceedings, Harmon was apparently represented by several attorneys, including Michael Farnan and Sussex County Public Defender Merritt Burke III. On June 15, 1999, Harmon pled guilty to possession with intent to deliver marijuana before Superior Court Judge Henley Graves, and entered the Delaware Superior Court Drug Diversion Program.[FN1]

> FN1. It is not clear from the record how long Harmon was to participate in the diversion program, or whether he successfully completed it.

In July 2003, Harmon filed the underlying complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of Delaware regarding his 1999 criminal proceedings. In his complaint, Harmon alleged that Farnan violated his rights to due process, equal protection, and the effective assistance of counsel by engaging in the unauthorized practice of law.[FN2] Harmon also alleged that Burke violated his right to the effective assistance of counsel by failing to question witnesses or provide their statements to the prosecution. Finally, Harmon alleged that Judge Graves violated his rights to due process and equal protection by allowing Farnan to engage in the unauthorized practice of law. Harmon sought compensatory and punitive damages, as well as a declaratory judgment that his 1999 conviction is invalid. On May 21, 2004, the District Court *sua sponte* dismissed Harmon's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). This timely appeal followed.

> FN2. Harmon seems to allege that Farnan is an attorney, but that he has not been properly admitted to the Delaware bar.

[1] To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law.[FN3] *See Daniels v. Williams,* 474 U.S. 327, 330, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). It is well-established that defense attorneys, no matter whether they are privately retained, court-appointed, or employed as public defenders, do not act under color of state law. *See* *285*Polk County v. Dodson,* 454 U.S. 312, 318, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Accordingly, because Farnan and Burke were not "state actors," the District Court properly dismissed Harmon's § 1983 damages claims against them.

> FN3. In an argument made for the first time on appeal, Harmon contends that the defendants conspired to deprive him of his constitutional rights. Because this issue was not raised before the District Court, it has been waived and we decline to address it on the merits. We do note, however, that if this issue were properly before us, it would fail. Allegations of conspiracy may form the basis of a § 1983 claim. "However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants. 'Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim.' " *Tonkovich v. Kansas Bd. Of Regents,* 159 F.3d 504, 533 (10th Cir.1998) (quoting *Hunt v. Bennett,* 17 F.3d 1263, 1266 (10th Cir.1994)). Thus, to state a conspiracy-based § 1983 claim, a plaintiff must allege the specific conduct violating his or her rights, the time and place of that conduct, and the identity of the responsible officials. *See Oatess v. Sobolevitch,* 914 F.2d 428, 431 n. 8 (3d Cir.1990). Harmon has failed to allege such facts, or any facts for that matter, to substantiate an allegation of conspiracy.

[2] Likewise, it is a well-established principle that a judge is absolutely immune from suit for damages under § 1983 when he acts in a judicial capacity. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the

154 Fed.Appx. 283                                                    Page 3
154 Fed.Appx. 283, 2005 WL 2982216 (C.A.3 (Del.))
**(Cite as: 154 Fed.Appx. 283)**

'clear absence of all jurisdiction.' " *Stump v. Sparkman,* 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (citation omitted). Here, Harmon's complaint consists entirely of allegations regarding the actions taken by Judge Graves in his judicial capacity while presiding over Harmon's 1999 criminal proceedings. Harmon makes no allegations that would support a determination that Judge Graves acted in the complete absence of all jurisdiction. Accordingly, the District Court properly dismissed Harmon's damages claim against Judge Graves.

[3] Finally, we agree with the District Court's determination that, to the extent Harmon seeks to challenge the fact or duration of his conviction or sentence, his sole remedy is a federal petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 488-90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). *See also Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Edwards v. Balisok,* 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997).

**2 Accordingly, for the foregoing reasons we will affirm the District Court's May 21, 2004 order dismissing Harmon's complaint. The motion by Harmon to strike the appellees' supplemental appendix is denied.

C.A.3 (Del.),2005.
Harmon v. Delaware Secretary of State
154 Fed.Appx. 283, 2005 WL 2982216 (C.A.3 (Del.))

Briefs and Other Related Documents (Back to top)

• 2004 WL 5040671 (Appellate Brief) Answering Brief and Appendix of Appellees Secretary of State, Henley Graves, Meritt Burke, III and Attorney General of the State of Delaware (Sep. 9, 2004)
• 04-2801 (Docket) (Jun. 28, 2004)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I, Robert K. Beste, Jr., do hereby certify that on this _24th_ day of March, 2008, a true and correct copy of the "Reply Memorandum of Defendant Robert K. Beste, Jr., in Support of Motion to Dismiss," was given to the following, by the method indicated:

### By First-Class Mail
Mr. Johnnie M. DuBose
4 Teakwood Lane
Wilmington, DE 19801

John T. Carroll, III, Esq.
Cozen O'Connor
1201 N. Market St., Suite 1400
Wilmington, DE 19801
(Counsel to George L. Miller, in his capacity as Chapter 7 Trustee for the estates of debtors)

Laura T. Hay, Esquire
(Assistant County Attorney)
New Castle County Law Dept.
87 Reads Way
New Castle, DE 19720

### By Electronic Service
Paul Cottrell, Esquire
Tighe & Cottrell, P.A.
704 N. King Street, Suite 500
P. O. Box 1031
Wilmington, DE 19899

**/S/ Robert K. Beste, Jr., Esq.** (I.D. #154)

Robert K. Beste, Jr., Esq. (I.D. #154)
Cohen, Seglias, Pallas, Greenhall
& Furman, P.C.
1007 N. Orange S., Ste. 1130
Wilmington, DE 19801
(302) 425-5089

RKB/msj
05021-059, Doc. 33