**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHNNIE M. DUBOSE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No.  07-045-SLR-LPS |
| | : | |
| MICHAEL WALSH, et al., | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION AND**
**ORDER REGARDING VARIOUS MOTIONS**

## I.      INTRODUCTION

On January 23, 2007, the plaintiff, Johnnie M. Dubose ("Plaintiff" or "Dubose"),

proceeding *pro se*, filed this lawsuit arising out of a mortgage foreclosure action, seeking money

damages and other relief pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, the Fourth, Fifth

and Fourteenth Amendments to the United States Constitution, and the laws of the State of

Delaware. (Docket Item ("D.I.") 1)  Defendants have brought five motions seeking, among other

things, dismissal of Dubose's action.  For the reasons that follow, I recommend that Dubose's

claims be dismissed in their entirety.

## II.     BACKGROUND[1]

Dubose brings this action against New Castle County Sheriff Michael Walsh ("Walsh"),

in his official capacity, New Castle County ("NCC"),[2] American Business Credit, Inc. ("ABC"),[3]

---

[1]The factual portions of the following background information are based on Plaintiff's
allegations, which are assumed to be true for purposes of reviewing the defendants' motions to
dismiss.

[2]It is unclear in the complaint if NCC is a named defendant in this lawsuit.  NCC is not
mentioned in the caption, but is listed as a party in paragraph 7.  Because NCC has appeared and

Robert K. Beste, Jr., Esq. ("Beste"), and Maggie Clausell, Esq. ("Clausell"). Plaintiff alleges

multiple federal constitutional and statutory violations by these defendants, invoking 42 U.S.C.

§§ 1983, 1985, 1986, and 1988, as well as the Fourth, Fifth, and Fourteenth Amendments to the

Constitution. In addition, Plaintiff brings state law claims pursuant to the "common, statutory

and constitutional laws of the State of Delaware." (D.I. 1 ¶ 1) By his lawsuit, Plaintiff seeks to:

> redress injuries[,] damages, and other losses Plaintiff suffered as a result of the
> violation of Johnnie DuBose['s] right to be secure in his person, house, papers and
> effects against unreasonable seizure of his property without due process under the
> law.

(D.I. 1 ¶ 2)

DuBose alleges that on October 11, 2005, he purchased 725 and 727 Bennett Street in

Wilmington, Delaware at a Sheriff's sale. (*Id.* ¶ 11) After confirmation of the sale by the New

Castle County Superior Court and upon receipt of a deed, DuBose recorded the deed with the

NCC Recorder of Deeds on November 30, 2005. (*Id.* ¶¶ 14-16) Then, however, on or about

April 20, 2006, ABC, through its attorney at the time, Beste, notified DuBose that 727 Bennett

Street would be sold at a Sheriff's Sale scheduled for May 9, 2006, pursuant to Judgment No. J-

21-103 (Lev. Fac 85) against Clive Bey, a/k/a Neville D. Henley ("Bey"). (*Id.* ¶ 18) On or about

July 21, 2006, DuBose retained Clausell to represent him in the matter. (*Id.* ¶ 21) On November

moved to dismiss, I will assume it is a party.

[3]ABC is a debtor in bankruptcy and was prior to the filing of this lawsuit. *See* Case No.
05-10206-MFW (D. Del.) (D.I. 38). This Court has previously advised Plaintiff that "generally a
bankruptcy action or the fact that a party is in bankruptcy operates to stay any proceedings
brought against them in this court" and "if [ABC] was in bankruptcy at the time that they were
served, then there is a stay and this court cannot proceed." (D.I. 28 at 12) On March 17, 2008,
counsel to the Chapter 7 Trustee for the debtors' estates filed a Notice of Bankruptcy and
Automatic Stay of 11 U.S.C. § 362, advising that "an automatic stay is in effect as a result of the
bankruptcy filing of the Debtors [including ABC] . . . ." (D.I. 38)

2

7, 2006, on DuBose's behalf, Clausell filed a motion to stay the Sheriff's sale. (*Id.*) While DuBose alleges he was told that the motion would be heard on November 13, 2006, it was not, so he re-noticed the motion to be heard on November 17, 2006 – even though the Sheriff's sale was at that time scheduled for November 14, 2006. (*Id.* ¶¶ 22-23) When DuBose appeared in court on November 17, the Superior Court "announced that the matter was moot as the sale had occurred" and further informed DuBose "that even if the matter was not mooted by the Sheriff's Sale, there was nothing in the motion that would have persuaded the Court to grant the motion." (*Id.* ¶¶ 20, 23-24)[4] DuBose further alleges that "judgment was entered upon the wrong person in violation of 10 sec. 5095." (*Id.* ¶ 35)

DuBose complains that all of the defendants have received money from properties in which he has an interest and, thereby, have converted money belonging to him. (*Id.* ¶¶ 37-38) In particular, DuBose alleges that: (1) Walsh retained a $49,000 bid and a $10,000 payment of back taxes; (ii) ABC retained $156,000 on account of an allegedly invalid mortgage; and (iii) Clausell retained $2,000 for legal services in connection with the state court representation. (*Id.* ¶¶ 40-42) DuBose seeks the return of these funds, with interest, plus punitive damages, on the grounds that all of the defendants' alleged acts were "willful wanton, malicious, reckless and done with conscious indifference to the ownership of and immediate right of possession of monies by Plaintiff and were in reckless disregard thereof." (*Id.* ¶¶ 43-44)

DuBose also appears to request injunctive relief and/or to quiet title, "[t]erminating any and all interest Defendants his/her spouse, heirs, devisees, successors, assigns and anyone or

---

[4]DuBose later filed, and then apparently withdrew, a motion to vacate the November 14 Sheriff's sale. (D.I. 1 ¶ 30)

3

anything, in the whole world claiming under her, irrespective of the nature of such claim, has in and to the property, barring any future claims Defendants may have in and to the property." (*Id.* ¶ 46)

Pending before the Court are seven motions: (i) Defendant Beste's Motion to Dismiss (D.I. 9) ("Beste's Motion to Dismiss"); (ii) Defendant Clausell's Motion to Dismiss and Motion to Join in Beste's Motion to Dismiss (D.I. 12) ("Clausell's Motion to Dismiss"); (iii) Defendants Walsh and NCC's Motion to Dismiss and Motion to Join in Beste's and Clausell's Motions to Dismiss (D.I. 14) ("NCC's Motion to Dismiss"); (iv) Defendants Walsh and NCC's Motion to Supplement their Motion to Dismiss (D.I. 17) ("NCC's Motion to Supplement"); (v) Defendants Walsh and NCC's Second Motion to Dismiss (D.I. 18) ("NCC's Second Motion to Dismiss"); (vi) Plaintiff's Motion for Reconsideration regarding Magistrate Judge Thynge's Order (D.I. 29) denying Plaintiff's Motion for Default Judgment (D.I. 30) ("Plaintiff's Reconsideration Motion"); and (vii) Plaintiff's "Cross Motion for Summary Judgment" (D.I. 39) ("Plaintiff's Summary Judgment Motion").

For the reasons that follow, I recommend that the Court dismiss this case in its entirety, with prejudice, for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and deny all pending motions to dismiss, for reconsideration, and for summary judgment as moot. I also order that NCC's Motion to Supplement, as well as those portions of Clausell's and NCC's Motions to Dismiss that seek to join in their co-defendants' motions to dismiss, are denied as moot.[5]

---

[5]This matter was referred to me on December 17, 2007 and February 11, 2008. (D.I. 34) Pursuant to these referral orders, as well as 28 U.S.C. § 636, my authority with respect to case-dispositive motions is limited to issuing a Report and Recommendation. With respect to the non-

## III. LEGAL STANDARD

Dismissal Pursuant to Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of

jurisdiction over the subject matter. *See Samsung Elecs. Co. v. ON Semiconductor Corp.*, 2008

WL 900979, at *3 (D. Del. Apr. 3, 2008). Motions brought under Rule 12(b)(1) may present

either facial or factual challenges to a court's subject matter jurisdiction.

> In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule
> 12(b)(6) apply. In this regard, the Court must accept all factual allegations in the
> Complaint as true, and the Court may only consider the complaint and documents
> referenced in or attached to the complaint. Gould Electronics, Inc. v. United
> States, 220 F.3d 169, 176 (3d Cir. 2000). [In contrast, however,] [i]n reviewing a
> factual challenge to the Court's subject matter jurisdiction, the Court is not
> confined to the allegations of the complaint, and the presumption of truthfulness
> does not attach to the allegations in the complaint. Mortensen v. First Fed. Sav. &
> Loan, 549 F.2d 884, 891 (3d Cir. 1997). Instead, the Court may consider evidence
> outside the pleadings, including affidavits, depositions and testimony, to resolve
> any factual issues bearing on jurisdiction. Gotha v. United States, 115 F.3d 176,
> 179 (3d Cir. 1997).

*Id.*

Once the Court's subject matter jurisdiction over a Complaint is challenged, Plaintiff

bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891. "Dismissal for

lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only

when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of [the Supreme

Court], or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel

Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y.

v. County of Oneida*, 414 U.S. 661, 666 (1974)).

---

case-dispositive motions, my ruling is an order of the Court.

## IV.   DISCUSSION

Defendant Beste has moved to dismiss the complaint based upon Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, contending that DuBose's allegations are entirely "devoid of any merit" and do "not involve any issue subject to the jurisdiction of this Court," as well as pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (D.I. 10)  Defendants Clausell, Walsh, and NCC echo co-defendant Beste's contentions.  These defendants also move to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(5) on the following grounds: that DuBose did not properly serve Clausell with a summons and/or complaint in the matter, that the action against Walsh is barred by the Eleventh Amendment, and that the action improperly seeks to impose liability on NCC by virtue of respondeat superior. (D.I. 13, 15, 18)

Claims that are "absolutely devoid of merit" and "obviously frivolous" will divest a district court of jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1989) (internal quotation marks and citations omitted).  A case is frivolous if it lacks arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Because I am confronted here with a Complaint that is clearly frivolous for legal reasons, rather than analyze each issue as to each defendant I recommend that the case be dismissed in its entirety under Rule 12(b)(1) for lack of subject matter jurisdiction.

"[T]he threshold question in every federal case" is simply whether the court has the power to entertain the suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Pursuant to the "Rooker-Feldman doctrine," federal district courts do not have subject matter jurisdiction to entertain suits to review state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The Rooker-

6

Feldman doctrine reflects the principle embodied in 28 U.S.C. § 1257 that the United States

Supreme Court is the exclusive federal court with jurisdiction to review state court decisions.[6]

Thus, the doctrine prevents district courts from entertaining challenges to state court decisions,

"even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460

U.S. at 486; *see also Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286

(1970) (finding that federalist system of government established by Constitution "could not

function if state and federal courts were free to fight each other for control of a particular case").

As the Supreme Court has explained:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind
> from which the doctrine acquired its name: cases brought by state-court losers
> complaining of injuries caused by state-court judgments rendered before the
> district court proceedings commenced and inviting district court review and
> rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Thus, the doctrine

precludes district courts from exercising subject matter jurisdiction over "constitutional claims

that have been previously adjudicated in state court or that are inextricably intertwined with such

a state adjudication." *Gulla v. North Strabane Twp.*, 146 F.3d 168, 171 (3d Cir. 1998). A

constitutional claim is "inextricably intertwined" with a state court decision if the federal claim

would succeed only to the extent that the state court wrongly decided the issues before it. *See*

*Behr v. Snider*, 900 F. Supp. 719, 724 (E.D. Pa. 1995). "In other words, Rooker-Feldman

precludes a federal action if the relief requested in the federal action would effectively reverse the

state decision or void its ruling." *FOCUS v. Allegheny County Ct. of Common Pleas*, 75 F.3d

---

[6]Plaintiff argues that jurisdiction for his case lies in 28 U.S.C. § 1331. However, as is
evident from § 1257, § 1331 does not include within district courts' federal question jurisdiction
appeals from state court judgments.

7

834, 840 (3d Cir. 1996) (internal quotation marks and citations omitted).

Here, DuBose seeks review and rejection of the Delaware Superior Court decisions rendered against him in connection with the subject properties. As alleged by DuBose, the November 14, 2006 Sheriff's sale results were confirmed by the Superior Court. Dubose sought to prevent the sale from proceeding but failed to obtain the relief he sought in state court. Thereafter, he filed the instant suit in federal court. He now essentially asks this federal tribunal to determine that the state court incorrectly confirmed the November 14, 2006 Sheriff's sale.

DuBose's claims fall under the purview of the Rooker-Feldman doctrine and, therefore, this Court lacks subject matter jurisdiction to hear them. DuBose "cannot invoke federal jurisdiction merely by couching his claims in terms of a civil rights action" because even when stated in this manner DuBose's claims are "inextricably intertwined" with the Superior Court's decisions regarding the Sheriff's sale. *See Buchanan v. Gay,* 491 F. Supp. 2d 483, 493 (D. Del. June 6, 2007).

To grant relief on DuBose's claims in the instant case would require this Court effectively to act as an appellate forum and conclude that the Delaware Superior Court made the wrong decision with respect to the foreclosure action. Plaintiff's claims wholly rest on the premise that the state court approval of the subject foreclosure and Sheriff's sale was invalid. His requests for damages and injunctive relief, including to quiet title to the subject property, ask this Court to undo what the state court has done. *See, e.g., Patrick v. U.S. Bank, N.A.,* 2008 WL 2832378, at *2 (E.D. Mich. July 21, 2008) ("Plaintiffs ask the Court to enter 'an Order setting aside the foreclosure and resulting sheriffs [sic] sale, and an Order quieting title of plaintiffs [sic] property,' [so] Plaintiffs' claims rest on the basic premise that the state-court entry of foreclosure

8

was invalid. . . . Under these circumstances, the Rooker-Feldman doctrine compels the Court to dismiss Plaintiffs' Complaint for lack of subject-matter jurisdiction."). Under the Rooker-Feldman doctrine, this Court cannot give DuBose what he seeks.

Other federal courts have applied the Rooker-Feldman doctrine to dismiss similar complaints arising from state foreclosure actions. *See, e.g., Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. Appx. 487, 487-90 (6th Cir. 2005) (applying Rooker-Feldman in a situation where "there is simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court," and noting that "[e]ach of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid"); *Thompkins-El v. Wells Fargo Bank Minnesota*, 2006 WL 2433438, at *6-8 (E.D. Mich. Aug. 22, 2006) (dismissing action for lack of federal question jurisdiction under Rooker-Feldman where plaintiff lost state-court foreclosure action and attempted to have federal court "in effect act as an appellate tribunal and conclude that the [state] court simply made the wrong decision in the foreclosure action"); *Sinclair v. Bankers Trust Co. of Cal., N.A.*, 2005 WL 3434827, at *4 (W.D. Mich. Dec. 13, 2005) ("Because [plaintiff's] claim for damages is premised on the ground that the foreclosure was invalid, for this Court to grant [plaintiff] damages, the Court would need to conclude that the [state court] was wrong in upholding the foreclosure. This the Court cannot do without impermissibly acting as an appellate court in reviewing the [state court's] decision."); *see also Moncrief v. Chase Manhattan Mortg. Corp.*, 275 Fed. Appx. 149, 152-53 (3d Cir. Apr. 23, 2008) (finding that Rooker Feldman precluded a former homeowner's case "to the extent that [plaintiff sought] to 'appeal from' the state court's foreclosure judgment").

9

Although none of the defendants asserted the Rooker-Feldman doctrine in their motions, federal courts have an obligation to explore the basis for their jurisdiction. *See, e.g., U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388-89 (3d Cir. 2002). Having done so, and having concluded this Court lacks subject matter jurisdiction, I recommend that Plaintiff's complaint be dismissed with prejudice. I further recommend that defendants' various motions to dismiss, as well as Plaintiff's Reconsideration Motion and Summary Judgment Motion be denied as moot. Furthermore, I will order that NCC's Motion to Supplement, as well as those portions of Clausell's and NCC's Motions to Dismiss that seek to join in their co-defendants' motions to dismiss, are denied as moot.

## V. CONCLUSION

For the reasons set forth above:

1. I recommend that Plaintiff's Complaint (D.I. 1) be DISMISSED WITH PREJUDICE, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction.

2. I recommend that Defendant Beste's Motion to Dismiss (D.I. 9) be DENIED as moot.

3. I recommend that Defendant Clausell's Motion to Dismiss (D.I. 12), with respect to that portion that seeks to dismiss the Complaint, be DENIED as moot.

4. It is hereby ORDERED that Defendant Clausell's Motion to Dismiss, with respect to that portion of her motion that seeks to join in and adopt Beste's Motion to Dismiss and accompanying brief (D.I. 12), is DENIED as moot.

5. I recommend that NCC's Motion to Dismiss (D.I. 14), with respect to that portion that seeks to dismiss the Complaint, be DENIED as moot.

6.      It is hereby ORDERED that NCC's Motion to Dismiss, with respect to that portion of its motion that seeks to join in and adopt Beste's Motion to Dismiss and accompanying brief as well as Clausell's Motion to Dismiss and accompanying brief (D.I. 14), is DENIED as moot.

7.      I recommend that NCC's Second Motion to Dismiss (D.I. 18) be DENIED as moot.

8.      I recommend that Plaintiff's Reconsideration Motion (D.I. 30) be DENIED as moot.

9.      I recommend that Plaintiff's Summary Judgment Motion (D.I. 39) be DENIED as moot.

10.     It is hereby ORDERED that NCC's Motion to Supplement (D.I. 17) is DENIED as moot.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within ten (10) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order In Pro Se Matters For Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the Court's website, www.ded.uscourts.gov/StandingOrdersMain.htm.

11

Case 1:07-cv-00045-SLR-LPS   Document 46   Filed 09/29/08   Page 12 of 12 PageID #: 235

Dated: September 29, 2008

The Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE

12